**Aldo DeLUCA and Mary DeLuca,
h/w, Appellants,**

v.

**SCHOOL DISTRICT OF
PHILADELPHIA.**

Commonwealth Court of Pennsylvania.

Argued Oct. 3, 1994.
Decided Dec. 29, 1994.

Harris R. Rosen, for appellants.

Ireena Broadus, for appellee.

Before SMITH and FRIEDMAN, JJ., and RODGERS, Senior Judge.

FRIEDMAN, Judge.

Aldo DeLuca and Mary DeLuca appeal from an order of the Court of Common Pleas of Philadelphia County (trial court) denying the DeLucas' Motion for Post–Trial Relief following a jury verdict in favor of the School District of Philadelphia (School District), 16 Pa.D. & C. 4th 434.. We affirm.

On January 17, 1986, Mary DeLuca slipped on milk that had leaked from a trash bag placed along the curb by employees of the Farrell School on the paved area between the service door of the school and the sidewalk. Mary DeLuca fell against a fence and hedge situated on school property before landing on the sidewalk. As a result of the slip and fall, Mary DeLuca sustained cuts, bruises, a slight concussion and a hairline fracture of the left shoulder.

The DeLucas sued the School District for negligence pursuant to sections 8541 and 8542 of the Judicial Code, commonly known as the Political Subdivision Tort Claims Act (Tort Claims Act),[1] claiming that the School District is liable under the real property and sidewalk exceptions to governmental immunity.

During a jury trial on the matter, the judge advised the jury that if Mary DeLuca fell as a result of a wet substance *on* the concrete pavement, and not as a result of frozen milk *attached* to the concrete, then the School District was not liable for her injuries. The jury returned a verdict in favor of the School District, finding that Mary DeLuca fell (1) on the paved area between the sidewalk and the service door of the Farrell School, not on the sidewalk, (2) as a result of a wet substance *on* the concrete, not as a result of frozen milk *attached* to the concrete. The DeLucas filed a Motion for Post–Trial Relief, seeking a new trial, but the trial court denied the motion.

On appeal,[2] the DeLucas argue that the trial court erred in denying their motion because, contrary to the conclusion of the trial court, the School District is liable for the DeLucas' injuries under the real property exception to governmental immunity.[3] Following the plain language of section 8542(b)(3), the DeLucas contend that the School District is liable here because their injuries arose out of the negligent care, custody or control of real property in the possession of the School District. In denying the DeLucas' request for a new trial, the trial court determined otherwise because the milk which leaked from the trash bag and caused Mary DeLuca to slip and fall was not a defect *of* the pavement; thus, the trial court found no causal connection between the DeLucas' injuries and the real property itself. The DeLucas counter that section 8542(b)(3) does not require such a causal link and that, in fact, this requirement is derived from the Commonwealth real estate, highways and

1. 42 Pa.C.S. §§ 8541–8542. Section 8541 of the Judicial Code, 42 Pa.C.S. § 8541, states:

   Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.

   Section 8542(b) of the Judicial Code, 42 Pa.C.S. § 8542(b), states in pertinent part:

   **(b) Acts which may impose liability.**—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

   . . . .

   (3) *Real property.*—The care, custody or control of real property in the possession of the local agency. . . .

   . . . .

   (7) *Sidewalks.*—A dangerous condition of sidewalks within the rights-of-way of streets owned by the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken

   measures to protect against the dangerous condition. . . . .

2. Our scope of review is limited to determining whether the trial court abused its discretion or committed legal error. *Milan v. Department of Transportation*, 153 Pa.Commonwealth Ct. 276, 620 A.2d 721, *appeal denied*, 535 Pa. 650, 633 A.2d 154 (1993).

3. Because the jury found that Mary DeLuca fell on the paved area between the sidewalk and the service door of the Farrell School, not on the sidewalk, the DeLucas have not pursued their action under the sidewalk exception to governmental immunity.

   The DeLucas assert that the trial court did not properly comprehend and apply the real property exception to governmental immunity. The DeLucas argue, for example, that (1) the trial court improperly instructed the jury concerning the application of the real property exception to governmental immunity; (2) the trial court improperly removed from the jury's consideration the question of what constitutes a dangerous condition; and (3) the trial court erred in preparing and presenting an erroneous verdict slip to the jury.

sidewalk exception to *sovereign* immunity, not from the real property exception to *governmental* immunity. We believe that the trial court's understanding and application of section 8542(b)(3) is consistent with the decisions of our Supreme Court.

■ The Tort Claims Act provides a general grant of immunity to all local agencies for damages caused by acts of an agency or its employees. *Finn v. City of Philadelphia,* 165 Pa.Commonwealth Ct. 255, 645 A.2d 320 (1994); *see* section 8541 of the Judicial Code, 42 Pa.C.S. § 8541. There are, however, eight limited exceptions to governmental immunity. *See* section 8542 of the Judicial Code, 42 Pa.C.S. § 8542(b)(1)–(8).

■ The real property exception permits a cause of action against a political subdivision for injuries arising out of "the care, custody or control of real property in the possession of the local agency...." Section 8542(b)(3) of the Judicial Code, 42 Pa. C.S. § 8542(b)(3). However, our Supreme Court has stated that this exception applies only where a negligent act makes the real property *itself* unsafe for the regular, intended or reasonably foreseeable uses of the property. *Snyder v. Harmon,* 522 Pa. 424, 562 A.2d 307 (1989); *see also Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987). Thus, contrary to the DeLucas' contention, the focus of a section 8542(b)(3) inquiry is whether an actual defect *of* the real property itself caused the injury.[4] *Snyder.*

■ Because milk that has leaked onto a concrete pavement does not constitute a defect of the pavement itself, the trial court did not err by concluding that the School District was not liable under section 8542(b)(3) for the DeLucas' injuries. Nevertheless, the DeLucas would have this court reject our Supreme Court's statement of the law in this case because it is derived in part

from section 8522(b)(4) of the Judicial Code, 42 Pa.C.S. § 8522(b)(4), the real estate exception to *sovereign* immunity. This we cannot do.

The real estate exception to *sovereign* immunity states that the Commonwealth is liable for injuries resulting from a "dangerous condition *of* Commonwealth agency real estate." Section 8522(b)(4) of the Judicial Code, 42 Pa.C.S. § 8522(b)(4) (emphasis added). Although it is true that this language differs from that of section 8542(b)(3), Pennsylvania courts "interpret both statutes consistently where they deal with similar subject matter." *Kiley v. City of Philadelphia,* 537 Pa. 502, 507, 645 A.2d 184, 186 (1994), citing *Crowell v. City of Philadelphia,* 531 Pa. 400, 613 A.2d 1178 (1992). In *Snyder,* our Supreme Court interpreted section 8522(b)(4) in light of section 8542(b)(3), stating:

> It is instructive to turn to the real property exception of the Political Subdivision Tort Claims Act, 42 Pa.C.S. § 8542(b)(3) and its accompanying case law for guidance as to the scope of liability imposed for negligent care of real property.

*Snyder,* 522 Pa. at 433, 562 A.2d at 312. More recently, this court interpreted section 8522(b)(4) in conjunction with section 8542(b)(7) of the Judicial Code, 42 Pa.C.S. § 8542(b)(7), the sidewalk exception. In *Finn,* we stated

> This Court will no longer impose liability pursuant to either the sidewalk exception to governmental immunity *or* the real estate exception to sovereign immunity in cases where the plaintiff's injury is not caused by a defect in the sidewalk *or* the real estate itself. We will not impose liability for injuries caused by a negligent failure of the government entity to remove a foreign substance from the real estate *or* the sidewalk. Since ice, snow, oil and grease are all foreign substances which can

---

4. The *Mascaro* Court had previously addressed the need for a causal link between the injury and the real property, stating:

> the real estate exception can be applied only to those cases where it is alleged that the artificial condition or defect of the land *itself* causes the injury, not merely when it facilitates the injury by the acts of others, whose acts are outside the statute's scope of liability.

*Mascaro* 514 Pa. at 363, 523 A.2d at 1124 (emphasis in original); *see also Crowell v. City of Philadelphia,* 531 Pa. 400, 613 A.2d 1178 (1992) (section 8542(b)(3) applies only where there is a causal connection between the injury and the real estate within the governmental unit's control).

**32**

naturally accumulate on the sidewalk *or* real estate itself, government entities are not liable for injuries caused solely by the presence of these substances on a sidewalk *or* on real property.

*Finn,* 165 Pa.Commonwealth Ct. at 263–64, 645 A.2d at 325 (emphasis added). Thus, where there is similarity of subject matter, Pennsylvania courts will interpret the sovereign and governmental immunity exceptions conjointly and consistently. That is precisely what the trial court did in this case.

Because we hold that the trial court did not err in denying the DeLuca's motion for a new trial and in entering judgment on the verdict of the jury, we affirm.[5]

### ORDER

AND NOW, this 29th day of December, 1994, the order of the Court of Common Pleas of Philadelphia, dated January 26, 1993, is AFFIRMED.

---

5. The DeLucas also raise an argument in opposition to the trial court's striking of all testimony related to the examination of Mary DeLuca by the School District's independent medical examiner, Richard Schmidt, M.D. Because we hold that the School District is not liable for the DeLucas' injuries and because the stricken testimony pertains only to the question of damages, we do not reach that issue here.