**Margie E. SHEDRICK, Appellant,**

v.

**WILLIAM PENN SCHOOL DISTRICT
and Penn Wood High School.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 5, 1994.
Decided Jan. 17, 1995.

Jennifer L. Abram, for appellant.

Larry D. Jackson, for appellee William Penn School Dist.

Before COLINS, President Judge, and DOYLE, McGINLEY, SMITH, PELLEGRINI, FRIEDMAN and NEWMAN, JJ.

SMITH, Judge.

Margie E. Shedrick appeals from the order of the Court of Common Pleas of Delaware County which denied her post-trial motions filed after the court directed a verdict in favor of the William Penn School Dis-

trict/Penn Wood High School. Shedrick filed a civil action against Appellee claiming damages for injuries suffered when she slipped and fell on a wet terrazzo floor in Appellee's high school. Jury trial was held February 1, 1993 on liability only on Shedrick's claim against the School District. The trial court directed verdict for Appellee after the close of Shedrick's case, concluding that her evidence was insufficient on the issue of the defective condition of the floor and Shedrick's claim therefore does not fall within the real property exception to governmental immunity.[1]

■ This Court's scope of review of the trial court's grant of directed verdict is limited to determining whether the court abused its discretion or committed an error of law which controlled the outcome of the case. *Mitchell v. City of Philadelphia*, 141 Pa.Commonwealth Ct. 695, 596 A.2d 1205 (1991). In deciding a motion for directed verdict, the trial court must accept as true all facts and inferences which support contentions made by the party against whom the motion is made and shall reject all testimony and references to the contrary. *Morosetti v. Louisiana Land & Exploration Co.*, 522 Pa. 492, 564 A.2d 151 (1989), citing *Jozsa v. Hottenstein*, 364 Pa.Superior Ct. 469, 528 A.2d 606 (1987), *appeal denied*, 518 Pa. 619, 541 A.2d 746 (1988).

In her appeal to this Court, Shedrick claims that the trial court erred in granting directed verdict in favor of Appellee because she established that insufficient matting protection of the building floors falls within the real property exception to local agency immunity. Moreover, Shedrick maintains that

her testimony along with the testimony of her expert witness provided sufficient evidence to establish an artificial condition of and a defect in the School District's property itself; the floor contained water not sufficiently protected by mats which establishes the artificial condition and the floor did not contain an abrasive protection which proves the defect.

Shedrick's claim arises out of an injury sustained on September 20, 1989 when she entered the high school where rainwater had caused the terrazzo floors of the school building to become wet and slippery. Heavy rains had occurred throughout the day and persons entering the school building tracked rainwater onto the floors. Shedrick slipped on a portion of the building's floor not covered by mats although the building custodian had mopped and laid mats in an effort to keep the floors in a dry condition.

■ The Pennsylvania Supreme Court has specifically held that the real property exception to governmental immunity applies only to cases where the artificial condition or defect is "of" the land itself, as opposed to a condition or defect which merely facilitates injury to the plaintiff. *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987); 42 Pa.C.S. § 8542(b)(3).[2] The Supreme Court recently decided *Kiley v. City of Philadelphia*, 537 Pa. 502, 645 A.2d 184 (1994), where the Court reiterated earlier holdings and made abundantly clear that the real estate exception to the rule of immunity applies only in cases where it is alleged that the dangerous condition of the land itself causes injury and not where the dangerous

---

1. The real property exception to immunity found at 42 Pa.C.S. § 8542(b)(3) provides as follows:

    (b) **Acts which may impose liability.**—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

    .        .        .        .

    (3) **Real property.**—The care, custody or control of real property in the possession of the local agency....

2. For cases which have clearly defined this principle, see *Fitchett v. Southeastern Pennsylvania Transp. Auth.*, 152 Pa.Commonwealth Ct. 18, 619 A.2d 805 (1992) (an accumulation of grease and

debris in subway concourse determined to be a defect on, and not of, the real estate); *Wellons v. Southeastern Pennsylvania Transp. Auth.*, 141 Pa.Commonwealth Ct. 622, 596 A.2d 1169, *appeal denied*, 529 Pa. 643, 600 A.2d 1260 (1991), (a paper bag found on a train platform determined to be a defect on, and not of, the real estate); *Bowles v. Southeastern Pennsylvania Trans. Auth.*, 135 Pa.Commonwealth Ct. 534, 581 A.2d 700 (1990) (a natural accumulation of ice, snow or frost on a wooden trolley platform determined not to be a defect of the real estate); *Ambacher v. Penrose*, 92 Pa.Commonwealth Ct. 401, 499 A.2d 716 (1985) (a wire fallen onto the sidewalk determined to be a defect on, and not of, the sidewalk).

condition merely facilitates injury by the acts of others.

■ Immediately prior to *Kiley*, this Court decided *Finn v. City of Philadelphia*, 165 Pa.Commonwealth Ct. 255, 645 A.2d 320 (1994), which overruled *Shubert v. Southeastern Pennsylvania Transp. Auth.*, 155 Pa.Commonwealth Ct. 129, 625 A.2d 102 (1993), and held that in cases involving the real property exception to immunity, liability can be imposed on the government entity only where the plaintiff's injury is caused by a defect of the real estate itself. Hereafter, liability will not be imposed for injuries caused by the negligent failure of a government entity to remove foreign substances from real estate. The Court emphasized however that liability may be imposed where the defective design, construction or condition of the real estate itself results in an unnatural accumulation of a substance which creates a hazardous condition causing injury to the plaintiff.

■ The trial court accurately analyzed the law and concluded that Shedrick's attempt to establish negligence through testimony of the degree to which the floor was slippery at the time of the accident was insufficient to meet her burden of proof, and the alleged insufficient matting of the floor does not bring this claim under the real property exception to immunity. The rainwater on the floor of the high school neither derived nor originated from the School District's real property, and no evidence was offered to establish that the floor itself was defective. Moreover, the trial court found that nothing was offered to either prove or infer that a terrazzo floor is inherently dangerous or slippery. Shedrick's expert witness, who examined the building's floor more than three years after the incident, offered no opinion or knowledge relative to the application of an abrasive on the floor at the time of Shedrick's fall nor competent evidence to demonstrate how the floor became hazardous when wet.

■ The Supreme Court has cautioned that the real property exception must be strictly construed. *Snyder v. Harmon*, 522 Pa. 424, 562 A.2d 307 (1989); *Mascaro*.

Hence, the critical question concerns whether the alleged artificial condition (rainwater) or the defect (lack of abrasives) is of the real property itself. On this question, the trial court accepted as true all facts and inferences tending to support Shedrick's contentions and appropriately ruled against her in determining that the evidence failed to demonstrate an artificial condition or defect of the floor itself which would bring this case within the real property exception. Thus Shedrick may not recover under the real property exception to immunity based upon precedent and this Court's recent holding in *Finn* and the Supreme Court's holding in *Kiley*. Finding no error by the trial court, this Court has no alternative but to affirm the order denying Shedrick's post-trial motions.

### ORDER

AND NOW, this 17th day of January, 1995, the order of the Court of Common Pleas of Delaware County is affirmed.

McGINLEY, Judge, dissenting.

I respectfully dissent to the majority's conclusion that "no evidence was offered to establish that the floor itself was defective." Shedrick filed a complaint alleging that the School District was negligent in its care, custody and control of the hallway. Shedrick specifically alleges:

6. The aforesaid accident was caused as a result of the negligence of the Defendant, consisting of the following:

  a) Failing to properly maintain the marble floor [terrazzo] of the hallway;

  b) Failing to properly remove water which formed slick patches which constituted a hazardous condition to pedestrians;

  c) Failing to clear and reclear the marble floor [terrazzo] of the hallway;

  d) Failing to sufficiently warn the Plaintiff of the dangerous condition of the marble [terrazzo] floor;

  e) Failing to have proper "non-skid" materials on the marble [terrazzo] floor during inclement weather;

Complaint, August 26, 1991, Paragraph 6 at 2.

A review of the record reveals Shedrick has alleged that the wet, slick floor constituted a dangerous condition of the real property. Before the trial court, Shedrick introduced the testimony of Catherine Garner (Garner), Assistant Principal of the High School. Garner testified that the High School floor is very slippery when wet and that she and other employees covered most of the hallway floor with mats in order to prevent any person from slipping and falling. Garner also testified that she did not place any mats in front of the auditorium doors where Shedrick fell. Also, Louise MacMullen, an employee of the High School, corroborated Garner's testimony that the floor was slippery on the night in question and that the School District did not place any mats in the area where Shedrick fell. Finally, Charles J. Goedken (Goedken), a civil engineer, testified that he examined the area of the fall and that "the floor surface of the landing[,] . . . steps, . . . [and] all the corridors were all . . . terrazzo material." Notes of Testimony, February 1, 1993, (N.T.) at 111. Goedken stated that "[i]t has long been known in the industry that a terrazzo floor surface . . . becomes hazardous when wet." N.T. at 118. Goedken opined that the floor was defective and that an application of an abrasive "could have been easily applied here" and that "it would have made this floor safe . . . [and] slip resistant." N.T. at 128.

Recently, in *McCalla v. Mura*, 538 Pa. 527, 649 A.2d 646 (1994) our Pennsylvania Supreme Court reaffirmed its decision in *Bendas v. Township of White Deer*, 531 Pa. 180, 611 A.2d 1184 (1992). The Supreme Court stated:

> We . . . reaffirmed the principle that Commonwealth agencies owe a duty of care to those using its real estate, such as to require that the condition of the property is safe for the activities for which it is regularly used, intended to be used or reasonably foreseen to be used. . . . We also determined, however, that the failure to exercise that duty may create a 'dangerous condition' . . . and . . . what constitutes a 'dangerous condition' is one of fact for the

jury to decide. *Bendas v. White Deer*, 531 Pa. 180, 611 A.2d 1184 (1992).

> While our decision in *Bendas* was based on an interpretation of the Sovereign Immunity Act, a similar provision in the Political Subdivision Tort Claims Act is implicated here and we have already indicated that because of their similarity the two statutes are to be interpreted consistently. *Crowell v. Philadelphia*, 531 Pa. 400 at 410 fn. 8, 613 A.2d 1178 at 1183 fn. 8 (1992); see also *Snyder v. Harmon*, 522 Pa. 424 at 435 fn. 7, 562 A.2d 307 at 312 fn. 7 (1989). (footnote omitted).

*McCalla*, 649 A.2d at 649.

In the present controversy, I believe that Shedrick has introduced sufficient evidence that a question of fact exists as to whether the terrazzo floor is a defect in the real estate that caused her injury. I would reverse the decision of the trial court denying Shedrick's post-trial motions and would remand for a new trial.

NEWMAN, J., joins in this dissent.