Beverly McRAE, Appellant,

v.

## SCHOOL DISTRICT OF PHILADELPHIA and City of Philadelphia.

Commonwealth Court of Pennsylvania.

Argued May 11, 1995.
Decided June 8, 1995.

Carole F. Kafrissen, for appellant.

Elena Yandola, for appellees.

Before COLINS, President Judge, and SMITH, J., and SILVESTRI, Senior Judge.

COLINS, President Judge.

Appellant Beverly McRae appeals the order of the Court of Common Pleas of Philadelphia County granting the Motion for Judgment on Pleadings filed by appellee School District of Philadelphia. For the reasons set forth below, we affirm.

On January 23, 1987, at 6:30 p.m., appellant was injured when she fell on the sidewalk abutting the McMichael School. On December 22, 1988, appellant filed a civil complaint against the City of Philadelphia and the School District of Philadelphia (school district) alleging that one or the other entity negligently maintained the sidewalk causing her to fall on the ice when she came into contact with hills and ridges of ice and snow remaining on the sidewalk.

By stipulation the City of Philadelphia was dismissed from the suit, and the action proceeded against the school district. Upon the close of the pleadings, the school district filed a motion for judgment on pleadings based on this Court's decision in *Finn v. City of Philadelphia*, 165 Pa.Commonwealth Ct. 255, 645

A.2d 320 (1994), *petition for allowance of appeal granted,* 538 Pa. 675, 649 A.2d 676 (1994). The motion was granted. Appellant's request for reconsideration was denied, and timely appeal followed to this Court.

■ On appeal to this Court appellant requests that we determine whether the allegation of the artificial condition of hills and ridges of ice and snow upon a public school sidewalk is a dangerous condition as defined within Section 8542(b)(7) of what is popularly called the Political Subdivision Tort Claims Act, 42 Pa.C.S. § 8542(b)(7), and thus a viable cause of action within this Commonwealth; and if so, whether the dangerous condition is a question of fact that must be decided by the jury.

■ In an appeal from a motion for judgment on pleadings, this Court's scope of review is limited to determining whether the lower court committed an error of law or an abuse of discretion. *Brelish v. Clarks Green Borough,* 146 Pa.Commonwealth Ct. 232, 604 A.2d 1235 (1992), *petition for allowance of appeal denied,* 531 Pa. 656, 613 A.2d 561 (1992). In interpreting the Political Subdivision Tort Claims Act this Court stated:

> We will not impose liability for injuries caused by the negligent failure of the government entity to remove a foreign substance from the real estate or the sidewalk. Since ice, snow, oil and grease are all foreign substances which can naturally accumulate on the sidewalk or real estate itself, government entities are not liable for injuries caused solely by the presence of these substances on a sidewalk or on real property.

*Finn,* 165 Pa.Commonwealth Ct. at 264, 645 A.2d at 325.

The common pleas court examined the pleadings and found that appellant pleaded a negligence cause of action; specifically, appellant averred that her fall was due to the negligence of the school district in allowing certain ridges and hills of ice and snow to be maintained on the sidewalk. The common pleas court concluded that plaintiff's pleadings were insufficient because the complaint failed to aver an actual defect or flaw in the real estate itself. Therefore, reasoned the common pleas court, the Political Subdivision Tort Claims Act barred plaintiff from recovery. We agree with the common pleas court.

■ In order for the real property exception to the Political Subdivision Tort Claim Act to apply, it is incumbent upon the pleading party to assert that there was an actual defect or flaw in the real estate itself that caused the injury, not some substance such as ice, snow, grease or debris on the real property, that facilitated the injury, unless it is there because of a design or construction defect. *Shedrick v. William Penn School District,* —— Pa.Commonwealth Ct. ——, 654 A.2d 163 (1995). The absence of such an allegation precludes a viable cause of action in the common pleas court.[1]

Appellee argues that since *Finn* is on appeal to the Pennsylvania Supreme Court, we must instead look to the Supreme Court's recent case in *Kiley by Kiley v. City of Philadelphia,* 537 Pa. 502, 645 A.2d 184 (1994), which appellant argues, is inapposite to *Finn.* Appellant contends that the snow and ice accumulation is an unsafe condition which can rise to the level of a dangerous condition of the sidewalk, and when an injury results therefrom, that dangerous condition is sufficient to bring the injured party within the statutory exception to the local agency immunity. We disagree.

In *Kiley,* Justice Papadakos, states quite clearly:

> We have consistently maintained our view that the focus of the negligent act involving a use of government owned or controlled land (including streets and sidewalks) must be the actual defect of the land itself and that rule of immunity can be waived only in those cases where it is alleged that the artificial condition or defect of the land itself causes the injury.

*Id.* at 508, 645 A.2d at 187. *Kiley* presupposes an artificial condition. *Finn* determines that snow and ice are not defects that

1. In light of our disposition of appellant's initial issue, whether the issue of a dangerous condition is a question for the jury is moot.

emanate from the real estate itself. Since no artificial condition or defect of the land was plead, liability would not attach pursuant to *Kiley*. Since no design or construction defect was pled, liability does not attach pursuant to *Finn*.

Accordingly, the order of the Court of Common Pleas of Philadelphia County is affirmed.

### ORDER

AND NOW, this 8th day of June, 1995, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.