Paul **LEONARD**, a minor, by Ronald **LEONARD**, his guardian; Ronald Leonard and Michelle Leonard, Appellants,

v.

### FOX CHAPEL AREA SCHOOL DISTRICT.

Commonwealth Court of Pennsylvania.

Argued March 12, 1996.
Decided April 11, 1996.

G. Clinton Kelley, for Appellants.

Thomas R. Doyle, for Appellee.

Before DOYLE and FRIEDMAN, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

Paul Leonard, a minor and student at Fox Chapel High School, and Ronald and Michelle Leonard, his parents, appeal an order of the Court of Common Pleas of Allegheny County which granted a motion for summary judgment filed by the Fox Chapel Area School District.

On September 19, 1991, Paul, using crutches, entered the high school building when, after walking a few steps, one of his crutches went out from under him causing him to fall and sustain injuries. Thereafter, the Leonards filed suit against the School District alleging that its negligence with respect to a dangerous accumulation of water on the School District's entrance hall caused Leonard's injuries.

The School District filed a motion for summary judgment arguing that the Leonards' claim is barred by Sections 8541 and 8542 of the Judicial Code (Code), 42 Pa.C.S. §§ 8541–8542. In response, the Leonards argued that summary judgment was inappropriate because the real property exception to governmental immunity, Section 8542(b)(3) of the Code, 42 Pa.C.S. § 8542(b)(3), is applicable to their case. Further, the Leonards argued that whether water on a floor is a dangerous condition is a question of fact for the jury. By order dated February 14, 1995, the trial court granted the School District's motion for summary judgment. This appeal followed.

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

judgment as a matter of law." Pa.R.C.P No. 1035(b). And, our scope of review of a trial court's grant of summary judgment is confined to a determination of whether the court abused its discretion or committed an error of law. *Bowles v. Southeastern Pennsylvania Transportation Authority,* 135 Pa. Cmwlth. 534, 581 A.2d 700 (1990).

The real property exception to governmental immunity provides:

> (b) **Acts which may impose liability.—** The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:
>
> . . . .
>
> (3) *Real Property.*—The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency. . . .

42 Pa.C.S. § 8542(b)(3).

▮▮▮▮ In interpreting the real property exception we are mindful of several established principles. First, in order to effectuate the legislative intent to insulate political subdivisions from tort liability, the real property exception is narrowly construed. *Diaz v. Houck,* 159 Pa.Cmwlth. 274, 632 A.2d 1081 (1993). Second, the real property exception to governmental immunity is interpreted in

*pari materia* with the sidewalk exception to governmental immunity, Section 8542(b)(7) of the Code, 42 Pa.C.S. § 8542(b)(7),[1] and the real estate exception to sovereign immunity, Section 8522(b)(4) of the Code, 42 Pa.C.S. § 8522(b)(4).[2] *Finn v. City of Philadelphia,* 541 Pa. 596, 664 A.2d 1342 (1995). Third, it is now settled that pursuant to all three exceptions, liability is predicated upon proof that a "condition of government realty itself, deriving, originating from, or having the realty as its source," caused the plaintiff's injuries. *Id.* at 605, 664 A.2d at 1346. As such, liability will not be imposed under the real property exception for injuries caused by the negligent failure of a government entity to remove a foreign substance from realty. *See, e.g., Metkus v. Pennsbury School District,* 674 A.2d 355 (Pa.Cmwlth.1996) (snow and ice accumulated on a school parking lot is not a defect of government property within the real property exception); *Shedrick v. William Penn School District,* 654 A.2d 163 (Pa.Cmwlth.1995) (insufficient matting protection on a wet terrazzo floor is not a defect of government property within the real property exception), *petition for allowance of appeal denied,* 542 Pa. 682, 668 A.2d 1142 (1995); *DeLuca v. School District of Philadelphia,* 654 A.2d 29 (Pa.Cmwlth.1994) (milk which leaked onto a concrete payment is not a defect of government property within the real property exception).[3]

---

1. Section 8542(b)(7) provides in pertinent part:
    > (b) **Acts which may impose liability.**—The following acts by a local agency. . . .
    >
    > . . . .
    >
    > (7) *Sidewalks.*—A dangerous condition of sidewalks within the rights-of-way of streets owned by the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

    42 Pa.C.S. § 8542(b)(7).

2. Section 8522(b)(4) provides in pertinent part:
    > (b) **Acts which may impose liability.**—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:
    >
    > . . . .
    >
    > (4) *Commonwealth real estate, highways and sidewalks.*—A dangerous condition of Commonwealth agency real estate and sidewalks
    >
    > . . . .

    42 Pa.C.S. § 8522(b)(4).

3. *See also McRae v. School District of Philadelphia,* 660 A.2d 209 (Pa.Cmwlth.1995) (holding that ridges of ice accumulated on property maintained by a school district is not "a dangerous condition of sidewalks" within the meaning of the sidewalk exception to governmental immunity), *petition for allowance of appeal denied,* —— Pa. ——, 675 A.2d 1254 (1995); *Bowles* (holding that injuries resulting from the natural accumulation of ice, snow or frost on real estate under the control of the Commonwealth is not a dangerous condition *of* Commonwealth agency real estate within the meaning of the real estate exception to sovereign immunity).

However, liability may be imposed where a plaintiff pleads and proves that the presence of the slippery substance on the government property was caused by improper design, construction, deterioration, or inherent defect of the real estate itself. *Finn.* In addition, our courts have held that liability may also be imposed for negligence which makes the governmental realty unsafe for its intended, specific and readily identifiable use. *See Bradley v. Franklin County Prison,* 674 A.2d 363 (Pa.Cmwlth.1996) (tiles without nonslip properties located in a drying off area used by prisoners after leaving showers); *Singer v. School District of Philadelphia,* 99 Pa.Cmwlth. 553, 513 A.2d 1108 (1986) (insufficient matting protection on a school gymnasium floor which is regularly used by students for tumbling activities).

On appeal, the Leonards contend that the trial court erred in granting the School District's motion for summary judgment because the issue, whether accumulated water on a school floor is a dangerous condition, is a question of fact for the jury. The Leonards do not, however, allege that Paul's injuries resulted from a negligently designed or constructed floor, nor do they contend that the rainwater which allegedly accumulated on the floor derived or originated from the School District's realty, and finally, they do not argue that the area in which Paul slipped served a specific, special use as distinguished from a general use.

As such, the instant case is factually indistinguishable from *Shedrick* where (1) the rainwater which had accumulated on the floor neither derived nor originated from the school district's realty, (2) no evidence was offered to establish that the floor itself was defective, and (3) the floor was in the general, well-traveled public area of the school building. It follows that the instant case, like *Shedrick,* does not fit within the real property exception to governmental immunity.

Accordingly, because the Leonards have failed to present a genuine issue of material fact, we hold that the School District is entitled to judgment as a matter of law and that the trial court correctly granted the School District's motion for summary judgment.

Order affirmed.

### ORDER

NOW, April 11, 1996, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed.