Sheila HANNA and Steven Hanna, Appellants,

v.

**WEST SHORE SCHOOL DISTRICT.**

Commonwealth Court of Pennsylvania.

Argued April 13, 1998.
Decided Sept. 3, 1998.

Thomas P. Lang, York, for appellants.

Joel H. Cavadel, York, for appellee.

Before DOYLE and KELLEY, JJ., and McCLOSKEY, Senior Judge.

DOYLE, Judge.

The instant appeal is presently before us on remand from our Supreme Court after it reversed our decision affirming an order of the Court of Common Pleas of York County which had granted the motion for summary judgment filed by the West Shore School District (District), thereby dismissing a lawsuit filed by Sheila and Steven Hanna (collectively, the Hannas) as a result of a slip-and-fall accident which occurred on District property.

On November 8, 1991, the Hannas were walking down a corridor at the Red Mill Elementary School for the purpose of attending a parent-teacher conference, when Mrs. Hanna slipped in a puddle of water causing her to fall and sustain injuries in the nature of "low back pain, hip pain, and a severe shock to her nerves and nervous system." (Complaint at 3; Reproduced Record (R.R.) at 5a.) The parties stipulated that the water had accumulated on the corridor floor as a result of the "damp-mopping of an otherwise sound, level and unblemished floor by an employee of the ... School District." (Stipulation of Fact 8/15/95; R.R. at 43a.) There-after, on March 5, 1993, the Hannas filed suit against the District, alleging that its negligence with respect to a dangerous accumulation of water in the corridor of the District's building caused Mrs. Hanna's injuries. The Hannas filed a second complaint on September 24, 1994, in which they more fully set forth the circumstances under which Mrs. Hanna sustained personal injuries and pleaded additional grounds for the District's negligence.

On June 19, 1995, the District filed a motion for summary judgment in which it argued that the Hannas' claim was barred by governmental immunity pursuant to Sections 8541 and 8542 of the Judicial Code (Code), 42 Pa.C.S. §§ 8541–8542. In response, the Hannas argued that summary judgment was inappropriate because the real property exception to governmental immunity set forth at Section 8542(b)(3) of the Code, 42 Pa.C.S. § 8542(b)(3), was applicable to their case.[1] Specifically, the Hannas argued that, because their negligence action was predicated upon the assertion that the active negligence of an employee of the District in tending to real property caused Mrs. Hanna's injuries, the real property exception applied. By order dated October 25, 1995, the trial court granted the District's motion for summary judgment,[2] and the Hannas subsequently appealed to this Court.

By decision and order dated April 19, 1996, this Court affirmed the order of the Court of Common Pleas granting the District's motion for summary judgment. In so holding, we reasoned that the real property exception to governmental immunity is to be narrowly construed and to be considered *in pari materia* with the sidewalk exception to governmental immunity and the real estate exception to sovereign immunity, respectively Sections 8542(b)(7) and 8522(b)(4) of the Code, 42 Pa.C.S. §§ 8542(b)(7), 8522(b)(4).

---

1. Section 8542(b) of the Code provides in pertinent part as follows:

   (b) **Acts which may impose liability.**—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

   . . . .

   (3) *Real Property.*—The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency. . . .

   42 Pa.C.S. § 8542(b).

2. The trial court also subsequently filed an opinion dated July 11, 1996.

We further reasoned that, pursuant to the Supreme Court's holding in *Finn v. City of Philadelphia*, 541 Pa. 596, 664 A.2d 1342 (1995), liability against a governmental entity is predicated upon proof that a "condition of government realty itself, deriving, originating from, or having the realty as its source," caused the plaintiff's injuries. *Finn*, 541 Pa. at 605, 664 A.2d at 1346. We ultimately concluded that, because the injury in this case did not derive from any defect in or condition of the real property itself, the trial court properly granted summary judgment in favor of the District.[3]

The Hannas subsequently appealed from our decision to the Supreme Court, which, in a per curiam order dated September 3, 1997, reversed our decision and remanded the matter back to us for further consideration in light of its decision in *Grieff v. Reisinger*, 548 Pa. 13, 693 A.2d 195 (1997).[4]

In *Grieff*, the plaintiff, Marlene Reisinger, was severely injured when a refrigerator in the fire station in which she was standing ignited paint thinner which had flowed across the floor. Mrs. Reisinger and her husband brought an action against the Chief of the Fire Association, Robert Grieff, and the Fire Association itself, for negligence, alleging that Grieff failed to exercise due care in using and disposing of flammable materials, that he negligently failed to supervise the disposal of those materials, and that he failed to warn Reisinger of the risk.

Grieff and the Fire Association filed a motion for summary judgment on the grounds of governmental immunity, which the trial court denied after concluding that the alleged negligent care of the fire station fell within the real property exception. This Court subsequently reversed the trial court's decision on the basis that the Reisingers did not assert that the real property itself was in any way defective, and, because the Reisingers alleged only that Grieff's negligent *handling* of the paint thinner caused the injuries, we held that the real property exception did not apply.

In a three-to-two decision,[5] the Supreme Court reversed this Court and reinstated the trial court's order denying the motion for summary judgment. In so holding, the Supreme Court stated as follows:

> Here, Grieff's care of the Fire Association's property caused the fire that injured Reisinger. While he was removing paint from the floor, therein caring for the real property, it ignited causing the resultant

3. We also referenced other analogous cases in which the absence of a defect in the real property (or sidewalk) itself precluded governmental liability: *Leonard v. Fox Chapel Area School District*, 674 A.2d 767 (Pa.Cmwlth.1996) (accumulation of water in school building's entrance hall is not a defect of government property within the real property exception); *Metkus v. Pennsbury School District*, 674 A.2d 355 (Pa.Cmwlth.1996) (snow and ice accumulated on a school parking lot is not a defect of government property within the real property exception); *Shedrick v. William Penn School District*, 654 A.2d 163 (Pa.Cmwlth. 1995) (insufficient matting protection on a wet terrazzo floor in a school building hallway is not a defect of government property within the real property exception), *petition for allowance of appeal denied*, 542 Pa. 682, 668 A.2d 1142 (1995); *DeLuca v. School District of Philadelphia*, 654 A.2d 29 (Pa.Cmwlth.1994) (milk which leaked onto a concrete payment is not a defect of government property within the real property exception); *see also McRae v. School District of Philadelphia*, 660 A.2d 209 (Pa.Cmwlth.1995) (holding that ridges of ice accumulated on property maintained by a school district is not "a dangerous condition of sidewalks" within the meaning of the sidewalk exception to governmental immuni-

ty), *petition for allowance of appeal denied*, 544 Pa. 639, 675 A.2d 1254 (1996); *Bowles v. Southeastern Pennsylvania Transportation Authority*, 135 Pa.Cmwlth. 534, 581 A.2d 700 (1990) (holding that injuries resulting from the natural accumulation of ice, snow or frost on real estate under the control of a Commonwealth agency is not a dangerous condition of the agency's real estate within the meaning of the real estate exception to sovereign immunity).

4. Specifically, the Supreme Court's order provided as follows:

> AND NOW, this 3rd day of September, 1997, the Petition for Allowance of Appeal is GRANTED. The order of the Commonwealth Court is hereby REVERSED. The case is remanded to the Commonwealth Court for further consideration in light of *Grieff v. Reisinger*, [548 Pa. 13], 693 A.2d 195 (1997).

*Hanna v. West Shore School District*, 548 Pa. 478, 698 A.2d 61, 62 (1997).

5. Justice Nigro authored the majority opinion, in which Justices Zappala and Cappy joined. Chief Justice Flaherty authored a dissenting opinion, in which Justice Castille joined. Justice Newman did not participate in the decision.

injuries to Reisinger. Under the real property exception's plain language, Grieff and the Fire Association are not immune from suit.

*Grieff,* 548 Pa. at 16, 693 A.2d at 197.

■ As the District points out in its brief, the Supreme Court's decision in *Grieff* is significant in that it represents a radical departure from the governmental immunity analysis previously set forth in a long line of appellate decisions in this Commonwealth.[6] Yet, we can only surmise from the *Grieff* decision, as well as from the Supreme Court's reversal of our decision in this case, that, for governmental immunity purposes, it is no longer of any consequence that the injury does not result from a defect in, or condition of, the real property itself, and that the real property exception should no longer be considered *in pari materia* with the sidewalk exception to governmental immunity or the real estate exception to sovereign immunity.

■ Because the pertinent facts of *Grieff* are, for the most part, indistinguishable from those involved in the instant appeal, we must reach the same conclusion as did the Supreme Court in *Grieff,* and must therefore reverse the order of the Court of Common Pleas granting summary judgment and remand the matter for trial.

### ORDER

NOW, September 3, 1998, the order of the Court of Common Pleas of York County granting the motion for summary judgment filed by West Shore School District in the above-captioned matter is hereby reversed, and the matter is remanded for trial.

Jurisdiction relinquished.

McCLOSKEY, Senior Judge, concurs in the result only.