# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William B. Kazimer and     :
Catherine Kazimer, Individually     :
and as Husband and Wife,     :
                     Appellants     :
    :  No. 760 C.D. 2015
        v.     :  Argued: December 7, 2015
    :
Methacton School District and     :
Methacton Home and School     :
District Council     :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE ROBERT SIMPSON, Judge
                HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**              **FILED: January 22, 2016**

       William B. Kazimer (Plaintiff) and Catherine Kazimer (Plaintiff's Wife), individually, and as husband and wife (collectively, Plaintiffs), appeal from an order of the Court of Common Pleas of Montgomery County (trial court)[1] that granted a motion for summary judgment on behalf of Methacton School District (District) and the Methacton Home and School District Council (Council) (collectively, Defendants). The trial court entered judgment for Defendants and dismissed Plaintiffs' negligence action seeking damages for personal injuries under the real property exception to governmental immunity in 42 Pa. C.S. §8542(b)(3). For the reasons that follow, we affirm.

---

[1] The Honorable Thomas M. Del Ricci presided.

## I. Background

In April 2007, Plaintiff, 78 years old at the time of the incident, sustained an injury when he slipped and stumbled while descending stairs in the District's Arcola Intermediate School's auditorium. The auditorium's stage had *identical* stairways to the floor on the left and right sides. The stairways have six steps each.

Plaintiff encountered no problems ascending the stairway on the right side. After two hours on stage, Plaintiff exited the stage using the left stairs. While coming down the steps, Plaintiff stumbled, but did not fall to the floor. A younger man caught Plaintiff before he fell.

In April 2009, Plaintiff initiated a civil action against Defendants by writ of summons. In June 2009, Plaintiffs filed a negligence complaint against Defendants. Plaintiffs claimed the lack of a proper handrail and inadequate anti-slip/skid material on the steps constituted a dangerous and defective condition of the stairway, of which Defendants knew or should have known. This dangerous condition caused Plaintiff to slip, lose his balance, and fall. As a result of the incident, Plaintiff sustained injuries to his body and extremities, and the permanent loss of a bodily function. As a result, Plaintiff incurred medical expenses.

In Count I of their complaint, Plaintiffs alleged the District's negligence, in failing to properly control, manage, supervise, operate, maintain, monitor and inspect the stage and stairway, directly and proximately caused Plaintiff's injuries. Plaintiffs further alleged the District negligently failed to

2

provide a proper handrail and allowed the stage and stairway to remain in a dangerous condition for an unreasonable period of time. In short, Plaintiffs alleged the District's negligence in the care, custody and control of the stage and stairway brought the District within the scope of the real property exception to governmental immunity in 42 Pa. C.S. §8542(b)(3). In Count II, Plaintiff included an identical claim against Council. In Count III, Plaintiff's Wife asserted a claim for loss of consortium.

In response, Defendants filed an answer denying Plaintiffs' material allegations. In new matter, Defendants asserted, among other defenses, that Plaintiffs' claims were barred by governmental immunity.

Following the close of pleadings, the parties engaged in discovery. Plaintiff testified via deposition. See William. B. Kazimer Dep., 1/19/11, at 1-74; R.R. at 118a-37a. Plaintiff testified the weather played no role in the incident; it was a dry day. Kazimer Dep. at 53; Reproduced Record (R.R.) at 131a. Plaintiff also found the lighting adequate. Id. Plaintiff did not notice any foreign substance on the steps. Kazimer Dep. at 54; R.R. at 132a.

After two hours, Plaintiff exited the stage on the left side. Kazimer Dep. at 56; R.R. at 132a. While on the stage, Plaintiff got a quick look at the steps. Id. He observed a shiny finish on the steps. Id. He did not notice the same glossy finish earlier on the right side while ascending the steps. Kazimer Dep. at 55; R.R. at 132a. Plaintiff put his left foot down on the first step and his left leg went straight out. Kazimer Dep. at 55; R.R. at 132a. Plaintiff's right leg caught a riser

3

on the stairs, which prevented him from falling. Kazimer Dep. at 59; R.R. at 133a. Plaintiff then stumbled down the steps, swinging his arms from right to left to regain his balance, until a younger man caught him at the bottom of the steps. Id. R.R. at 133a. At that point, Plaintiff's feet were on the floor. Id. Plaintiff testified that he believed his foot slipped out because of the glossy finish of the steps, not because he misjudged the steps. Kazimer Dep. at 61; R.R. at 133a.

Defendants deposed John Petrauskas, the man who caught Plaintiff and kept him from falling to the ground. See Petrauskas Dep., 12/12/12, at 1-29; R.R. at 167a-74a. Petrauskas testified Plaintiff stumbled while coming down the stairs, and he caught Plaintiff's arm and kept him from falling. Petrauskas Dep. at 9; R.R. at 169a. Plaintiff's body did not hit the stage, steps or ground. Id. Petrauskas did not notice any liquid or debris on the steps or any defects in the steps. Petrauskas Dep. at 11; R.R. at 170a. In short, Petrauskas did not notice anything unusual at all about the steps. Id. Petrauskas ultimately described Plaintiff's movements during the incident as a stumble and responsive lurch forward by the upper body. Petrauskas Dep. at 21; R.R. at 172a.

Defendants also deposed the District's Supervisor for Facilities Operations, Ivan William Jacobe (Facilities Supervisor). See Jacobe Dep., 5/10/12, at 1-33, R.R. at 139a-49a. Facilities Supervisor is responsible for maintenance of all District facilities and grounds, including custodial and utility grounds operations. Jacobe Dep. at 14-15; R.R. at 144a. He oversees all renovations and construction activities. Id. Facilities Supervisor testified no changes to the stairs and stage were made during the 17 years he worked for the

4

District, and he did not recall any complaints or issues regarding the stage or stairs. Jacobe Dep. at 14-15; R.R. at 145a.

In addition, Defendants deposed a retired custodian, Christopher Thompson (Custodian). See Thompson Dep., 5/10/12, 1-43; R.R. at 151a-63a. For 12 years, Custodian inspected and cleaned the stage and stairs once a week until his retirement in 2010. Thompson Dep. at 12-16; R.R. at 156a-57a. At the time of the incident in 2007, he was head custodian. Thompson Dep. at 12-13; R.R. at 156a. The stage and stairs are made of the same wood. Thompson Dep. at 17; R.R. at 157a. One summer between 2001 and 2004, an outside contractor sanded the stage and put a coat of polyurethane on it. Thompson Dep. at 18-19; R.R. at 157a. However, the contractor left the stairs alone. Thompson Dep. at 19; R.R. at 157a. Custodian further testified his crew maintained the stairs with only a dust mop and wet mop. R.R. at 158a. During his 12-year tenure, there were no construction changes to the stairs. Thompson Dep. at 20; R.R. at 158a. Custodian further testified he never found the stairs to the stage slippery, and he never had any trouble walking up or down them. Thompson Dep. at 25; R.R. at 159a. In addition, Custodian never recalled any complaints about the stairs. Id.

Following the close of discovery, Defendants filed a motion for summary judgment. Plaintiffs filed a timely response in opposition. In December 2014, following argument on Defendants' motion and after a review of the record and the parties' briefs, the trial court entered an order granting Defendants' motion for summary judgment and dismissing Plaintiffs' claims. Tr. Ct. Order, 12/15/14, R.R. at 222a.

Plaintiffs appealed. In an opinion in support of its earlier order, the trial court noted school districts are considered local agencies entitled to governmental immunity under Sections 8541-64 of the Judicial Code, 42 Pa. C.S. §§8541-64, often referred to as the Political Subdivision Tort Claims Act (Tort Claims Act). Taylor v. Ne. Bradford Sch. Dist., 101 A.3d 144 (Pa. Cmwlth. 2014). Relevant here, Section 8542(b)(3) of the Tort Claims Act provides an exception to immunity for:

> *(3) Real property.*—The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency ….

42 Pa. C.S. §8542(b)(3) (emphasis by underline added).

The real property exception does not apply to personalty not permanently attached or affixed to the real property. Sanchez-Guardiola v. City of Phila., 87 A.3d 934 (Pa. Cmwlth. 2014). In the present case, the steps were permanently affixed to the floor and stage. Therefore, the steps fell within the real property exception.

The trial court further observed that Defendants owed Plaintiff, an invitee, a high duty of care summarized as follows:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he:

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
(c) fails to exercise reasonable care to protect them against the danger.

Restatement (Second) of Torts §343 (1965) (emphasis added).

The trial court further noted that ordinarily a jury question exists as to whether the condition of the property constitutes a dangerous condition of the real property.[2] Here, however, the trial court determined reasonable minds could not find that the stairs to the stage constituted a dangerous condition of the real property. See Cuoto-Pressman v. Richards, 63 A.3d 856 (Pa. Cmwlth. 2013) (to fall within the streets or sidewalks exceptions to governmental immunity in 42 Pa. C.S. §§8542(b)(6)(i) and (b)(7), the plaintiff must establish a dangerous condition of the street or sidewalk existed and that the municipality had actual or constructive notice of the allegedly dangerous condition). The trial court also recognized that the mere fact that an accident occurred does not entitle the plaintiff to a favorable verdict. Wombacher v. Greater Johnstown Sch. Dist., 20 A.3d 1240

---

[2] In Snyder v. Harmon, 562 A.2d 307 (Pa. 1989), the Supreme Court, recognized the difference in the language between the real property exception to sovereign immunity in 42 Pa. C.S. §8522(b)(4), and the real property exception to governmental immunity in 42 Pa. C.S. §8542(b)(3), the latter of which does not include the term "dangerous condition." The Court stated that in order for the real property exception to governmental immunity to apply, there must be negligence making the real property *unsafe* for which it is used. Nevertheless, this Court continues to apply the term *dangerous condition* in cases involving the real property exception to governmental immunity. See; e.g., Wombacher v. Greater Johnson Sch. Dist., 20 A.3d 1240 (Pa. Cmwlth. 2011).

7

(Pa. Cmwlth. 2011). Ultimately, the trial court determined Defendants had no actual or constructive notice of any dangerous condition of the stairs or stage. Plaintiffs appeal.[3]

## II. Issues

Plaintiffs present three issues for our review. Plaintiffs first contend the trial court erred as a matter of law or abused its discretion by finding no genuine issue of fact existed as to whether the District and Council breached a duty of reasonable care to Plaintiff as a business invitee. Second, Plaintiffs maintain the trial court erred or abused its discretion by determining that the subject stairway did not constitute a defective and dangerous condition of the District's premises. Third, Plaintiffs assert the trial court erred or abused its discretion by determining District and Council did not have actual and constructive notice that the subject stairway was defective and dangerous.

## III. Discussion
### A. Breach of Duty of Reasonable Care
### 1. Argument

Plaintiffs contend the trial court erred and abused its discretion by disregarding the various theories of liability they advanced, including: (1) the absence of handrails on the stairway; (2) the absence of skid/slip resistant materials

---

[3] Our review of a trial court order granting summary judgment is limited to determining whether the trial court erred as a matter of law or abused its discretion. Kuniskas v. Commonwealth, 977 A.2d 602 (Pa. Cmwlth. 2009). We must examine the record in a light most favorable to the non-moving party, accepting as true all well-pled facts and reasonable inferences to be drawn from those facts. Id.

on the treads of the steps; (3) the absence of any sort of warning sign at the top of the stairway; and, (4) the absence of any other measures to assist Plaintiff as he descended the stairway.

Plaintiffs assert Defendants owed Plaintiff, a business invitee, the highest duty of care. Beary v. Pennsylvania Elec. Co., 469 A.2d 176 (Pa. Super. 1983). The possessor of real property must use *reasonable care* to make the premises safe or warn the invitee of dangerous conditions of the property. The possessor must also use *reasonable care* to discover or inspect for any such dangerous conditions. Id. The invitee enters the premises with implied assurance of preparation and *reasonable care* for his protection and safety while he is there. Treadway v. Ebert Motor Co., 436 A.2d 994 (Pa. Super. 1982).

Here, the evidence shows there were no handrails on the stairway and no alternative means were provided for Plaintiff to steady himself as he descended the stairs. The record is also clear that the wooden treads of the stairs had no skid or slip resistant material. Additionally, the record is clear that there were no warning signs or individuals at the top of the stairway cautioning Plaintiff and the other invitees to watch their step during their descent from the stage. Therefore, Plaintiffs assert these circumstances raise a genuine issue of material fact as to whether Defendants breached the high duty of care they owed Plaintiff and the trial court erred in holding otherwise.

## 2. Analysis

To prove a breach of a duty of care under Restatement (Second) of Torts, Section 343(b), quoted above, the condition causing the injury must be such that the possessor of land should expect that an invitee will not discover or realize the danger or will fail to protect himself from it. Here, the allegedly dangerous conditions are plain to everyone. Thus, the condition of the stairs (no handrail, no skid-resistant covering on the steps, and no warning signs), is obvious.

There is no reason to believe that Plaintiff did not perceive the situation when he ascended the identical steps at the other side of the stage, and there is no reason to conclude that Plaintiff did not observe or understand the condition of the steps upon his descent. In the absence of any evidence of temporary distraction or obfuscation, there is no explanation for why the Defendants should expect anyone would not realize the situation and take any desired action to overcome it (such as asking for help). Thus, regardless of exceptions to immunity, Plaintiffs failed to make out an underlying tort cause of action against Defendants. See 42 Pa. C.S. §8542(a)(1) (tort liability imposed on local agency if, among other conditions, the damages would be recoverable under common law or statute).

### B. Dangerous and Defective Condition

### 1. Argument

Plaintiffs further contend the trial court erred as a matter of law or abused its discretion by determining the subject stairway did not constitute a defective and dangerous condition of the District's premises. Plaintiffs also assert

10

the trial court erred in determining, as a matter of law, that the stairs were not dangerous because the District's Facilities Supervisor and Custodian testified they did not find the stairs to be slippery or dangerous, and that they could not recall any complaints about the stairs being slippery. Once more, Plaintiffs assert the lack of: handrails on the stairway, slip resistant materials on the step, warning signs or other measures taken to assist Plaintiff on his way down the stairs, raise genuine factual issues sufficient to raise a jury question as to whether the stairs were defective and dangerous.

## 2. Analysis

We discern no error in the trial court's determination that Plaintiffs failed to prove a dangerous condition.

In Grieff v. Resinger, 693 A.2d 195 (Pa. 1997), our Supreme Court held the real property exception to governmental immunity is triggered when the injury is caused by the negligent care, custody or control of real property. In Grieff, a visitor to the fire company sustained an injury when paint thinner, which the fire chief used to clean the floor, ran under a refrigerator and ignited. The Grieff Court considered the cleaning of the floor as caring for the property. Thus, the Court held the real property exception applied because the fire company's negligent care of the property caused the injury.

Thereafter, in Hanna v. West Shore School District, 717 A.2d 626 (Pa. Cmwlth. 1998), this Court held the real property exception to governmental immunity applied where the plaintiff slipped and fell on water, which accumulated

11

in a public school hallway. The parties stipulated the puddle of water formed as a result of someone mopping the floor. This Court found the case indistinguishable from Grieff because the school district's negligent care of the hallway – mopping the floor and allowing the water to accumulate – led to the injury. Thus, this Court determined the plaintiff's claim fit squarely within the real property exception. Id.

Here, however, Plaintiffs failed to present sufficient evidence of either a structural defect in the stairs or the negligent maintenance of the stairs as a cause for Plaintiff's injuries. Although Plaintiff testified he noticed a shiny, glossy finish on the stairs just before he stumbled, Plaintiff presented no evidence, expert or otherwise, showing there actually was any type of varnish or finish on the stairs, or that such constituted a dangerous condition. To the contrary, Defendants presented testimony from Facilities Supervisor and Custodian that the stairs remained in the same condition for many years and were not resurfaced or coated with polyurethane or any other finish. As such, Plaintiffs failed to present sufficient evidence to raise a genuine issue of any material fact as to a dangerous or defective condition of the steps.

Therefore, we discern no error in the trial court's determination that reasonable minds could not find the stairs to the stage constituted a dangerous condition of the real estate. Cuoto-Pressman.

## C. Notice of Dangerous Condition

### 1. Argument

Plaintiffs finally contend the trial court erred and abused its discretion by determining, as a matter of law, that Defendants did not have actual or constructive notice of a defective and dangerous condition of the stairs. Plaintiffs assert actual notice of a dangerous condition may be imputed to Defendants in light of the longstanding nature of the condition, and Defendants' role in creating the circumstances leading to Plaintiff's slip and stumble down the stairs.

To that end, Plaintiffs argue, it is well settled in Pennsylvania law that if a dangerous condition of the premises arose because of the conduct of the land's possessor, actual notice is imputed to the possessor. See Lanni v. Pennsylvania R.R. Co., 88 A.2d 887 (Pa. 1952) (what constitutes constructive notice of a defect in or unsafe condition of the premises varies under the circumstances of each case; some of the factors to be considered include the time elapsed between the origin of the defect and the accident, the size and physical condition of the premises, the nature of the business conducted thereon, the nature of the defect, and the opportunity for the defendant, as a reasonably prudent person, to remedy it). Here, Plaintiffs assert they presented evidence showing: Defendants had constructive notice of the absence of handrails and the lack of slip or skid resistant material on the steps, and Defendants failed to exercise reasonable care to protect Plaintiff from that danger. Therefore, Plaintiffs assert the trial court erred in holding their evidence failed to raise a genuine issue of material fact regarding actual or constructive notice. Id.; see also Zito v. Merit Outlet Stores, 647 A.2d 573 (Pa. Super. 1994) (a jury question existed as to whether store owners had knowledge of

13

a dangerous condition in the nature of an existing steep ramp, which customers could not see because of store displays).

## 2. Analysis

The record supports the trial court's determination that Defendants had no notice of any defective or dangerous condition of the real estate itself. The evidence showed the stairs were maintained in the same observable condition for many years and no incidents or accidents were reported during that time. Further, the record contained no evidence supporting a finding of negligence in Defendants' maintenance of the auditorium stage or stairways at the time of Plaintiff's slip and stumble. The mere fact that an accident occurred does not establish a dangerous condition of the real property, or actual or constructive knowledge of that condition. Wombacher; Zito.

## IV. Conclusion

For the above reasons, we discern no error in the trial court's determination that no genuine issue of material fact existed as to whether an unsafe, defective or dangerous condition of Defendants' real property caused Plaintiff's slip and stumble. Grieff; Sanchez-Guardiola. Accordingly, we affirm the trial court's order granting Defendants' motion for summary judgment and dismissing Plaintiffs' negligence action.

_____
ROBERT SIMPSON, Judge

14

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William B. Kazimer and           :
Catherine Kazimer, Individually  :
and as Husband and Wife,         :
               Appellants      :
                          :     No. 760 C.D. 2015
                          :
          v.                   :
                          :
Methacton School District and    :
Methacton Home and School        :
District Council                 :

## O R D E R

**AND NOW**, this 22nd day of January, 2016, for the reasons stated in the foregoing opinion, the order of the Court of Common Pleas of Montgomery County is **AFFIRMED**.

 

 

_____
ROBERT SIMPSON, Judge