# Cook v. Gettysburg Borough

C.P. of Adams County, no. 96-S-626.

for plaintiffs.
for defendants.

KUHN, *J.*, October 28, 1997—On November 25, 1996, plaintiffs, Debra Cook and her son Robert J. Cook, filed a complaint against defendants, Borough of Gettysburg, Gettysburg Fire Company, and Fireworks Production Inc. Defendants, Borough of Gettysburg and Gettysburg Fire, objecting defendants, filed preliminary objections. This court heard oral argument on February 7, 1997.

## STATEMENT OF THE FACTS

It is alleged that on approximately July 3, 1996, the Borough of Gettysburg allowed a carnival, sponsored by the Gettysburg Fire Company, to take place at borough property known as Rec Park. Fireworks Production Inc., as set forth in a contract with the Gettysburg Fire Company, conducted a fireworks display. The contract required the Gettysburg Fire Company to conduct a "search for post display debris" and to police the area "at first light following the exhibition." (Exhibit A, answer of def. Fireworks Production Inc.)

It is further alleged that on July 6, 1996, plaintiffs were in the park when Robert picked up some debris left from the fireworks display. Robert took the debris home, which later proved to be unexploded fireworks charges. The fireworks charges exploded while Robert

was playing with them outside and caused serious injuries, including the permanent loss of his left hand. Debra Cook felt the explosion from inside her home and rushed to Robert's aid.

## LEGAL DISCUSSION

Objecting defendants have raised preliminary objections in the nature of a demurrer. Therefore, it is important to set out the standard by which a demurrer is to be decided. In deciding on an objection in the nature of a demurrer, the Pennsylvania Supreme Court has stated that "[a] demurrer admits every well-pleaded material fact set forth in the pleadings to which it is addressed as well as all inferences reasonably deducible therefrom, but not conclusions of law." *Gekas v. Shapp,* 469 Pa. 1, 5, 364 A.2d 691, 693 (1976). A demurrer is properly sustained where the complaint indicates on its face that the plaintiff's claim "cannot be sustained, and the law will not permit recovery." *Lobdell v. Leichtenberger,* 442 Pa. Super. 21, 24, 658 A.2d 399, 401 (1995). If there is any doubt as to the propriety of a judgment in favor of a demurring party, it should not be entered. *Creeger Brick and Building Supply Inc. v. Mid-State Bank and Trust Co.,* 385 Pa. Super. 30, 32-33, 560 A.2d 151, 152 (1989).

## I. *Political Subdivision Tort Claims Act*

We will first address the objecting defendants' claim that they are immune from suit under the Political Subdivision Tort Claims Act.[1] 42 Pa.C.S. §§8541-8564. Section 8541 states:

---

1. Plaintiffs correctly argue that the Rules of Civil Procedure require that affirmative defenses, including immunity from suit, be raised

"Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person."

There are exceptions to this general rule with the applicable exception in the case at hand being the real estate exception. This exception reads as follows:

"(b) The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

"(3) Real property—The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency." 42 Pa.C.S. §8542(b)(3).

In applying the PSTCA, we must first determine whether the objecting defendants fall within the definition of local agency. Local agency is defined as a "government unit other than the Commonwealth government." 42 Pa.C.S. §8501. A "government unit" is defined as any political subdivision, or any other officer or agency of any such political subdivision. 42 Pa.C.S. §102.

in new matter. Pa.R.C.P. 1030, 42 Pa.C.S. However, "[w]here a party improperly raises 'immunity from suit' in preliminary objections and the opposing party does not object to this defect, then the question of immunity from suit may be decided by the court." *Fewell v. Besner,* 444 Pa. Super. 559, 570, 664 A.2d 577, 582 (1995). Plaintiffs have argued this issue in their brief but have not formally objected by filing preliminary objections to defendants' preliminary objections. Therefore, we will consider that plaintiffs have waived this pleading defect.

The parties do not dispute that the Borough of Gettysburg falls into the definition of local agency; however, the Gettysburg Fire Company presents more of an issue. A volunteer fire company must show that it has been created pursuant to relevant law and is legally recognized as the official fire company for a political subdivision in order to come within the definition of a local agency. *Kniaz v. Benton Borough,* 164 Pa. Commw. 109, 115, 642 A.2d 551, 554 (1994). A volunteer fire company is entitled to governmental immunity pursuant to 42 Pa.C.S. §8541, even when they are not involved in firefighting activities. *Guinn v. Alburtis Fire Company,* 531 Pa. 500, 503, 614 A.2d 218, 220 (1992).

Plaintiff has correctly argued that because the articles of incorporation of the Gettysburg Fire Company are outside the record, as having only been attached to defendant Gettysburg Fire Company's preliminary objections, they may not be considered in determining whether the company was legally recognized. See *Mellon Bank N.A. v. Fabinyi,* 437 Pa. Super. 559, 568, 650 A.2d 895, 899 (1994) (holding that exhibits outside the record may not be considered in ruling on preliminary objections). Because this court may not consider the articles of incorporation, Gettysburg Fire Company's claim of immunity under the PSTCA is rejected.

However, even assuming that the Gettysburg Fire Company falls within the definition of local agency as set forth in 42 Pa.C.S. §8541, the real estate exception applies to the case at hand and neither objecting defendant is immune from suit.

Historically, Pennsylvania courts have interpreted the real estate exception narrowly permitting its application only in cases where the real estate itself was defective. As recently as February of 1997, the Pennsylvania Commonwealth Court narrowly construed the real estate

exception when it held that "[l]iability may not be imposed upon a governmental entity for injuries caused by its negligent failure to remove foreign substances from its real estate." *Wolfe v. Stroudsburg Area School Dist.*, 688 A.2d 1245, 1248 (Pa. Commw. 1997). However, a recent Pennsylvania Supreme Court decision has broadened this application of the real estate exception. *Grieff v. Reisinger,* 693 A.2d 195 (Pa. 1997).

In *Grieff,* a visitor at the local volunteer fire association was burned when Grieff, the fire association chief, poured paint thinner onto the floor resulting in a fire. The trial court held that the real property exception applied; however, the Commonwealth Court reversed that decision holding that plaintiffs "did not assert that the real property itself was defective." *Id.* at 196. On appeal to the Pennsylvania Supreme Court, the Commonwealth Court was reversed. Our Supreme Court held that Grieff was caring for the real property and his activity therefore fell directly under the plain language of the real estate exception. *Id.* at 197. The court went on to distinguish cases in which government property merely facilitated unlawful actions by third parties, stating that "the government is not liable for harm caused by third parties." *Id.*

In the case at hand, it was the alleged "negligent care of the property" by objecting defendants that caused Robert's injuries. The Gettysburg Fire Company had a duty, as set forth in its contract with Fireworks Production Inc., to police the site after the display to make sure all debris had been removed. Additionally, the Borough of Gettysburg, as owner of Rec Park, had a duty to ensure the property was safe for public use after the carnival. Failure of both objecting defendants to properly care for the real estate would fall under the

expanded notion of the real estate exception as set forth by our Supreme Court.

## II. *Recreational Use of Land and Water Act*

The Borough of Gettysburg has claimed immunity under the Recreational Use of Land and Water Act. 68 P.S. §§477-1 to 477-8. Generally, this Act holds that an owner of land has no duty to keep the premises safe for recreational use by others. 68 P.S. §477-3. Our Supreme Court has held that the Act applies only to lands that are largely unimproved and where no admission fee is charged. *Lory v. City of Philadelphia,* 544 Pa. 38, 41, 674 A.2d 673, 674 (1996) (citations omitted), *cert. denied,* 117 S.Ct. 184, 136 L.Ed.2d 123.

For purposes of a demurrer, there is no indication in plaintiffs' complaint that the real estate in question was largely unimproved. Therefore, it is not clear at this stage of the pleadings that the Recreational Land Use and Water Act would be applicable.

## III. *Impermissible Claim for Negligent Infliction of Emotional Distress*

Both objecting defendants contend that Debra Cook's claim for negligent infliction of emotional distress is impermissible under the limitation of damages provision of the PSTCA. 42 Pa.C.S. §8553(c). This subsection recognizes only certain listed claims. Objecting defendants argue that negligent infliction of emotional distress is not recoverable because it is not included in the list.

Section 8553 is applicable to the case at hand because local governmental agencies are involved. However, case law analyzing section 8528 (limitations on damages for actions against Commonwealth parties) is helpful

in determining permissibility of bringing a negligent infliction of emotional distress claim against a governmental party. Section 8528 is very similar to section 8553, and is in fact identical in allowing claims for "pain and suffering," the relevant permissible claim in the case at hand.

In *Francart v. Smith,* 2 D.&C.4th 585 (1989), the Chester County Court addressed a similar issue. In that case, the mother heard an accident and immediately thereafter saw her daughter on the road after being struck and killed by a car. The mother raised a claim for negligent infliction of emotional distress. Defendants argued that section 8528(c)(2) did not permit such a claim. The court held that "giving the words of the statute their plain and ordinary meaning, we find that such damages are, in fact provided for, under 42 Pa.C.S. §8528(c)(2) which permits damages for pain and suffering to be recovered." *Id.* at 615. (footnote omitted)

Additionally, our Commonwealth Court has included emotional injuries within the permissible recovery for pain and suffering. The court held that a victim involved in an accident who suffered physical injuries was also able to bring a claim for emotional injuries under the concept of pain and suffering. *Tomikel v. PennDOT,* 658 A.2d 861 (Pa. Commw. 1995).

Therefore, taking this case law into consideration, it is this court's determination that Debra Cook's cause of action for negligent infliction of emotional distress is permissible as falling within the recovery for "pain and suffering."

IV. *Violations of Pa.R.C.P. 1028(a)(2) and (3)*

Objecting defendants both argue that plaintiffs' complaint is in violation of Pa.R.C.P. 1028(a)(2) and (3). This portion of the rule is as follows:

"(a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:

"(2) failure of a pleading to conform to law or rule of court or inclusion of scandalous or impertinent matter,

"(3) insufficient specificity in a pleading;" Pa.R.C.P. 1028(a)(2)-(3), 42 Pa.C.S.

The Borough of Gettysburg claims that paragraph 32(e) is an impermissible boilerplate averment of negligence. Gettysburg Fire Company claims that paragraph 45(f) is insufficient for the same reasons. The paragraphs are identical and state that the objecting defendants were negligent for "being otherwise negligent, reckless and careless under the circumstances." (Plt. complaint, ¶¶32(e), 45(f).)

The Superior Court in *Baker v. Rangos,* 229 Pa. Super. 333, 324 A.2d 498 (1974) set forth the standard for pleading material facts. It stated,

"Rule 1019(a) requires fact pleading . . . 'The purpose of [1019(a)] is to require the pleader to disclose the "material facts" sufficient to enable the adverse party to prepare his case.' . . . A complaint therefore must do more than 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.' . . . It should formulate the issues by fully summarizing the material facts. 'Material facts' are 'ultimate facts,' *i.e.,* those facts essential to support the claim. Evidence from which such facts may be inferred not only need not but should not be alleged . . . Allegations will withstand challenge under 1019(a) if (1) they contain averments of all of the facts the plaintiff will eventually have to prove in order to recover . . . and (2) they are 'sufficiently specific so as to enable defendant to prepare his defense,' . . . . " *Id.* at 349-50, 324 A.2d at 505-506. (citations omitted)

A defendant must move to strike or seek a more specific pleading when the plaintiff avers a general allegation of negligence, otherwise it is assumed that the defendant understood the allegation well enough to respond. *Connor v. Allegheny General Hospital,* 501 Pa. 306, 311 n.3, 461 A.2d 600, 602 n.3 (1983). Additionally, one should not be permitted to discover their way through the lawsuit. *Starr v. Myers,* 109 Dauphin 147, 154 (1988); see also, *Collins v. Gettysburg Hospital,* 39 Ad.Co.L.J. 55, 58-59 (1996). Therefore, the averments in paragraphs 32(e) and 45(f) of the complaint are stricken as being impermissible general averments of negligence.

### V. *Failure To State a Cause of Action for Strict Liability*

Gettysburg Fire Company argues that plaintiffs' complaint does not state a cause of action for strict liability pursuant to the Restatement (Second) of Torts §519. This section reads as follows:

"(1) One who carries on an abnormally dangerous activity is subject to liability for harm to the person, land or chattels of another resulting from the activity, although he has exercised the utmost care to prevent the harm.

"(2) This strict liability is limited to the kind of harm, the possibility of which makes the activity abnormally dangerous."

The Gettysburg Fire Company argues that section 519 does not apply to them because they did not "carry on" the activity of displaying the fireworks. Furthermore, they argue that a fireworks display is not an "abnormally dangerous" activity. However, at this stage, we need not decide whether the Gettysburg Fire Com-

pany was carrying on the activity or whether the activity was abnormally dangerous because the fireworks display is not what caused the injuries.[2] On the contrary, it was the failure to clean up the fireworks debris that caused the resultant injuries to Robert.

This failure to police the grounds cannot be viewed as an ultra hazardous activity. An ultra hazardous activity is defined as one that "(1) necessarily involves a risk of serious harm to the person, land, or chattels of others which cannot be eliminated by the exercise of the utmost care, and (2) is not a matter of common usage." *Albig v. Municipal Authority of Westmoreland County,* 348 Pa. Super. 505, 512, 502 A.2d 658, 662 (1985). Clearly, if the Gettysburg Fire Company exercised the utmost care in cleaning up the leftover debris, the harm would not have occurred. Thus, Counts V, VII and IX that make claims for strict liability are dismissed.

Accordingly, the attached order is entered.

## ORDER

And now, October 28, 1997, it is hereby ordered as follows:

(1) Counts V, VII and IX of plaintiffs' complaint are dismissed;

(2) Paragraphs 32(e) and 45(f) of plaintiffs' complaint are stricken;

(3) All remaining preliminary objections of the Borough of Gettysburg and the Gettysburg Fire Company are denied.

---

2. We recognize that our Supreme Court, in discussing ultra hazardous activities, has held that "a public fireworks display, handled by a competent operator in a reasonably safe area and properly supervised . . . is not so dangerous an activity." *Haddon v. Lotito,* 399 Pa. 521, 523, 161 A.2d 160, 162 (1960). However, we need not make this determination today as the harm was not caused by the fireworks display.