**Mary Ann ABELLA, Appellant,**

v.

**CITY OF PHILADELPHIA, Commonwealth of Pennsylvania and General State Authority.**

Commonwealth Court of Pennsylvania.

Argued Oct. 9, 1997.

Decided Oct. 31, 1997.

---

Thomas B. Grier, Bensalem, for appellant.

Janet Selden, Senior Deputy Attorney General, Philadelphia, for appellees.

Before FLAHERTY and LEADBETTER, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

Mary Ann Abella appeals a Philadelphia County Common Pleas Court order granting a motion to dismiss her claims against the Commonwealth of Pennsylvania and the General State Authority (collectively, the Commonwealth).

This case began when Abella filed a complaint seeking to hold the Commonwealth and the City of Philadelphia (City) liable for injuries she sustained on February 1, 1994. Abella alleged that she slipped and fell on hills and ridges of ice and snow while leaving the State Office Building, located in the City at the southwest corner of Broad and Spring Garden Streets. She averred, *inter alia*, that the site of the accident was possessed, controlled and maintained by the Commonwealth, which was negligent in causing, permitting or allowing hills and ridges of ice, snow and water to accumulate and remain on the walkway adjacent to the building; in failing to warn of defects; and in failing to maintain, repair and keep the sidewalk free of defects.

The trial court granted the City's preliminary objections and dismissed the City from the case. The court subsequently sustained the Commonwealth's motion to dismiss based on the inapplicability of the real estate exception to the Commonwealth's sovereign immunity. *See* Section 8522(b)(4) of the Judicial Code, 42 Pa.C.S. § 8522(b)(4). Abella now appeals the latter decision to this Court.

The sole issue presented to us is whether the trial court erred in holding that the real estate exception to the Commonwealth's sovereign immunity is inapplicable to this case.

Although we think that the most recent case law in this area reveals that Abella is not frivolous in contending that the real estate exception permits her claim, we conclude, for the reasons set forth below, that the trial court's decision is properly affirmed.

Preliminary, there is no dispute that the Commonwealth has sovereign immunity from liability here unless the following real estate exception applies:

(b) Acts which may impose liability.—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

. . . .

(4) Commonwealth real estate, highways and sidewalks.—*A dangerous condition of Commonwealth agency real estate and sidewalks . . . .*

42 Pa.C.S. § 8522(b)(4) (emphasis added).

While the City is not a party in this case, it is important to our discussion to note that, pursuant to statutory provisions found at Sections 8541 and 8542 of the Judicial Code, or what is commonly referred to as the Political Subdivision Tort Claims Act, the City is also afforded immunity from liability in various circumstances, subject to certain exceptions. As a local agency, the City has governmental immunity, which in relevant part is subject to the following two separate exceptions, for real property and for sidewalks:

(b) Acts which may impose liability.—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

. . . .

(3) Real property.—*The care, custody or control of real property* in the possession of the local agency. . . . "[R]eal property" shall not include . . . (iv) sidewalks. . . .

. . . .

(7) Sidewalks.—*A dangerous condition of sidewalks* . . . .

42 Pa.C.S. § 8542(b)(3), (7) (emphasis added).

Abella contends in this appeal that her claim logically fits within the exception to the Commonwealth's sovereign immunity for "[a] dangerous condition of Commonwealth agency real property and sidewalks. . . ." 42 Pa. C.S. § 8522(b)(4). She argues that the courts have created an illogical and tortured construction of the real estate exception in holding that ice "on" a sidewalk is not a defect "of" the sidewalk itself, thus straining to limit the Commonwealth's liability. *See Finn v. Philadelphia*, 541 Pa. 596, 664 A.2d 1342 (1995). Abella submits that *Finn* is distinguishable and therefore not controlling of her case and that the viability of *Finn* has been undermined by the Supreme Court's recent decision in *Grieff v. Reisinger*, 548 Pa. 13, 693 A.2d 195 (1997).

Before *Grieff* was filed, this case would readily be decided in favor of the Commonwealth with only a brief explanation. This is because in *Finn*, a governmental immunity case, the Supreme Court essentially held that (1) the governmental immunity statute and the sovereign immunity statute are to be construed together; and (2) in considering the pertinent question of whether a dangerous condition *of* real estate or sidewalks exists, a foreign substance *on* a sidewalk does not fall within an immunity exception. The Supreme Court rendered its decision over a dissent which vigorously disagreed with the "of"/"on" distinction apparently reaffirmed by the majority of the Court. Specifically, the majority stated:

Because the legislature's intent was to provide immunities, we have held that the exceptions to immunity must be strictly construed. . . . Moreover, this court has held that the two statutes dealing with governmental and sovereign immunities, viz., the Political Subdivision Tort Claims Act and the Sovereign Immunity Act, are to be interpreted consistently, as they deal with indistinguishable subject matter. . . .

Within those very general guidelines, this court has decided cases involving the real estate and sidewalk exceptions which provide more specific guidance for the question presented in this case, that is, whether an accumulation of grease on a sidewalk is a dangerous condition of the sidewalk. In *Snyder v. Harmon* [522 Pa. 424, 562 A.2d 307 (1989)], we construed the words "[a] dangerous condition of Commonwealth agency real estate" as follows: "These key words indicate that a dangerous condition must derive, originate from or have as its source the Commonwealth realty." *Snyder*, 522 Pa. at 433, 562 A.2d at 311. "[T]here must be negligence which makes the real property itself unsafe for activities for which it is used." *Id.* at 434, 562 A.2d at 312. *Mascaro [v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987)] reiterated this rule: "We . . . hold that the real estate exception can be applied only to those cases where it is alleged that the artificial condition or defect of the land *itself* causes the injury, not merely when it facilitates the injury by the acts of others, whose acts are outside the statute's scope of liability." 514 Pa. at 363, 523 A.2d at 1124 (emphasis in original). And again, "We have consistently maintained our view that the focus of the negligent act involving a use of government owned or controlled land (including streets and sidewalks) must be the actual defect of the land itself and that *the rule of immunity can be waived only in those cases where it is alleged that the artificial condition or defect of the land itself causes the injury.*" *Kiley by Kiley [v. Philadelphia*, 537 Pa. 502, 645 A.2d 184 (1994)].

*Finn*, 541 Pa. at 601–602, 664 A.2d at 1344–1345 (emphasis added).

After this review of the relevant law, the Supreme Court upheld our decision in *Finn,* where we had said:

> This Court will no longer impose liability pursuant to either the sidewalk exception to governmental immunity or the real estate exception to sovereign immunity in cases where the plaintiff's injury is not caused by a defect in the sidewalk or the real estate itself. We will not impose liability for injuries caused by a negligent failure of the government entity to remove a foreign substance from the real estate or the sidewalk. *Since ice, snow, oil and grease are all foreign substances which can naturally accumulate on the sidewalk or real estate itself, government entities are not liable for injuries caused solely by the presence of these substances on a sidewalk or on real property.* However, we will permit the imposition of liability if there is an allegation and proof that the substance on the sidewalk or other real estate was caused to be on the real estate because of an improper design, construction, deterioration, or inherent defect of the real estate itself. In those cases, the dangerous condition emanates from the real estate itself.

*Finn v. Philadelphia,* 165 Pa.Cmwlth. 255, 645 A.2d 320, 325 (1994), *aff'd,* 541 Pa. 596, 664 A.2d 1342 (1995) (emphasis added).

However, we must acknowledge that the recent decision in *Grieff* now presents us with some uncertainty.[1] There, a volunteer fire chief poured paint thinner on a firehouse floor in order to clean it, and the product ignited and engulfed the plaintiff in flames. Three Justices, including those who had dissented in *Finn,* essentially held that a local agency could be liable under the real property exception to governmental immunity for a foreign substance *on* the property that makes the property dangerous.

The Court in *Grieff* stated it was presented with a situation unlike those in previous decisions, including *Kiley* and *Mascaro,* where a condition of real property only facilitated injuries caused by third parties. The Court emphasized that at issue was a claim for negligent care of property by the local agency and its employee, which claim fit squarely within the specific, relatively broader language of the real property exception to governmental immunity. The Court noted:

> The dissent's reliance upon *Finn* ... is misplaced. *Finn* involved the sidewalk exception to governmental immunity—not the real property exception. These statutory exceptions to immunity are distinct. The sidewalk exception subjects a municipality to liability for negligence related to "a dangerous condition of sidewalks." 42 Pa.Cons.Stat. § 8542(b)(7). The real property exception more broadly subjects a municipality to liability for harm resulting from the negligent "care, custody or control" of its property.

*Grieff,* 548 Pa. at 17 n. 3, 693 A.2d at 197 n. 3.

In view of the Supreme Court's decision in *Grieff,* it is arguable that, as Abella submits, the viability of the "of"/"on" distinction may be in doubt. We are thus somewhat unsettled in the conviction that all of the principles in *Finn* will remain controlling. Certainly, we will await any future pronouncements by the Supreme Court, which will aid us in deciding this class of cases.

Nevertheless, there has not been a definitive ruling by the Supreme Court that the "of"/"on" distinction, at least with respect to sovereign immunity or the sidewalk exception to governmental immunity, has been displaced. Indeed, Abella's speculation in this regard is particularly inappropriate where the Court in *Grieff* distinguished *Finn* as it did and emphasized the "broad[er]" particular language of the real property exception to governmental immunity. As the Commonwealth points out, *Grieff* was a plurality deci-

---

1. *See also Hanna v. West Shore School District,* 548 Pa. 478, 698 A.2d 61 (1997); *Schlachter v. Colonial School District,* 548 Pa. 414, 697 A.2d 587 (1997). In those *per curiam* orders, the Supreme Court reversed and vacated, respectively, unreported decisions of this Court and remanded the cases for further consideration in light of *Grieff.* Both cases involved the real property exception to governmental immunity. In each case, we had affirmed the grant of summary judgment against a plaintiff who sought to hold a school district liable for injuries sustained after falling on a school floor that was wet from having been mopped.

sion and certainly did not expressly question *Finn* or any other case. Abella's reliance in this case on *Grieff* is also unwarranted because there was no discussion there of sovereign immunity, as there was in *Finn,* and the circumstances here, involving sovereign immunity and the accumulation of ice and snow on a sidewalk, are otherwise more akin to those in *Finn* than to those in *Grieff.*

Under these circumstances, we shall follow *Finn* and sustain the trial court's decision on that basis. The case law, including *Grieff,* simply does not provide sufficient grounds to sustain Abella's arguments, and compels us to agree with the trial court that Abella cannot maintain her claim against the Commonwealth.

Accordingly, the trial court's order is affirmed.

### *ORDER*

AND NOW, this 31st day of October, 1997, the order of the Court of Common Pleas of Philadelphia County, No. 4006 January Term 1996, dated January 28, 1997, is hereby affirmed.

