## Kreig v. Lackawanna County

C.P. of Lackawanna County, no. 96 CV 1276.

*George E. Mehalchick,* for plaintiff.
*Hugh M. Emory,* for defendant.

MINORA, *J.,* June 30, 1999—(1) The action before this court arises from a chair lift accident that occurred at the Montage ski area on March 6, 1994, and was commenced by writ of summons on March 6, 1996. The plaintiff's complaint was filed on April 15, 1996, alleging that the careless, negligent and reckless conduct of Lackawanna County Montage Mountain Ski Resort caused the plaintiff's injuries.

(2) The defendant filed its motion for summary judgment on December 21, 1998, and oral argument was heard before this court on April 29, 1999. The parties have

briefed their respective positions and this matter is now ripe for disposition.

## FACTS

(1) In her complaint, plaintiff has made the following averments:

—On or about March 6, 1994, while skiing, plaintiff and her sister entered a chair lift known as the Iron Horse Triple Chair.

—Plaintiff asked the lift attendant if she and her sister could ride on the chair lift without a third person.

—Plaintiff explained to the attendant that she was uncomfortable riding the chair lift with more than one other person because both she and her sister were inexperienced skiers and she was concerned that either herself, her sister or a third person would get injured while exiting the chair lift at the top of the mountain.

—The lift attendant denied the plaintiff's request and as a result, plaintiff, her sister and an unidentified man rode the chair lift to the top of the mountain.

—When they reached the exit point at the top of the mountain, plaintiff alleges that she attempted to help her sister off of the chair lift to ensure that she did not fall. As they were descending the chair lift, plaintiff "got tripped up" and fell at which time she was struck in the back of the head by the chair lift and lost consciousness. However, plaintiff was able to get down the mountain to the ski lodge.

—Plaintiff has allegedly suffered serious injuries as a result of the above accident.

(2) The defendant has since moved for summary judgment averring that no substantive issue of material fact exists and that it is entitled to judgment as a matter of law.

## DISCUSSION

(1) The Pennsylvania Superior Court has held that the relevant elements necessary to permit summary judgment are as follows: "First, the pleadings, depositions, answers to interrogatories, admissions on file, together with any affidavits, must demonstrate that there exists no genuine issue of fact. Second, the moving party must be entitled to judgment as a matter of law." *Janson v. Cozen and O'Connor,* 450 Pa. Super. 415, 423, 676 A.2d 242, 246 (1996).

(2) The court must also examine the record in the light most favorable to the non-moving party and resolve all doubts against the moving party. Summary judgment is appropriate only in those cases that are free from doubt. *Pennsylvania State University v. University Orthopedics,* 706 A.2d 863, 867 (Pa. Super. 1998).

(3) Effective July 1, 1996, Pennsylvania Rules of Civil Procedure 1035.1 through 1035.5 governing summary judgment replaced former Rule 1035. The essence of the revision set forth in Rule 1035.2 is that the motion for summary judgment now encompasses two concepts: first, the absence of a dispute as to any material fact set forth in *Pennsylvania State University, supra,* and second, the absence of evidence sufficient to permit a jury to find a fact essential to a cause of action or a defense. Rule 1035.2 is explicit in authorizing a motion based upon a record, which is insufficient to sustain a prima facie case, which in a jury trial would require the issues to be submitted to a jury.

(4) The defendant's motion for summary judgment presents two issues, which we shall now dispose of.

## *Issue I*

(1) The defendant contends that facts disclosed during discovery established that there is no support for the allegations contained in the plaintiff's complaint and that in fact she was familiar with the chair lift at issue.

(2) Specifically, the plaintiff stated in her interrogatory that:

—She had made approximately one to six ski runs prior to the accident.

—She had been skiing approximately 18 times prior to her accident.

—The accident occurred while the plaintiff was skiing on an intermediate slope.

(3) The defendant also avers that the above responses establish that the plaintiff was in fact an experienced skier and thus, the defendant was not negligent in requiring the plaintiff to ride the chair lift with two other skiers. The defendant further asserts that the factual allegation for plaintiff's claim of negligence has failed and therefore, the plaintiff's claim against defendant should be dismissed. We disagree.

(4) In view of the standard for summary judgment discussed above, and after careful review of the record in a light most favorable to the non-moving party, this court finds there to be genuine issues of material fact as to the plaintiff's level of expertise as a skier.

(5) Therefore, we find that the propriety of the defendant's actions towards the plaintiff, namely having a skier of her skill level ride the chair lift with two other skiers, raises factual issues that must be reserved for consideration by a jury.

(6) Accordingly, we conclude that the defendant's right to summary judgment is not clear and free from doubt

and thus, the defendant is not entitled to judgment as a matter of law based on the facts revealed during discovery.

(7) Therefore, the defendant's motion for summary judgment presents two issues, which we shall now dispose of.

## Issue II

(1) Under Pennsylvania law, local government agencies, such as Montage, are immune from liability for their acts of negligence unless such acts are within the specifically stated exception and, absent immunity, such acts would subject an agency to liability. 42 Pa.C.S. §8541 provides that:

"Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." *Davis v. Brennan,* 698 A.2d 1382, 1383 (Pa. Commw. 1997).

(2) 42 Pa.C.S. §8542 provides for limited exceptions to governmental immunity and states in relevant part:

"(b) *Acts which may impose liability.*—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency: . . .

"(3) Real property. The care, custody or control of real property in the possession of the local agency, except that the agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency . . . ." *Id.*

(3) Based on the preceding standard the defendant has also moved for summary judgment asserting that the

plaintiff's claim against the defendant must be dismissed because the defendant is immune from liability within the meaning of the Political Subdivision Tort Claims Act discussed *supra.*

(4) In 1997, the Supreme Court of Pennsylvania handed down a decision in *Grieff v. Reisinger,* 548 Pa. 13, 693 A.2d 195 (1997) which represented "a radical departure from the governmental immunity analysis previously set forth in a long line of appellate decisions in this Commonwealth. . . . it is no longer of any consequence that the injury does not result from a defect in, or condition of, the real property itself . . . ." *Hanna v. West Shore School District,* 717 A.2d 626, 629 (Pa. Commw. 1998). (footnote omitted)

(5) In *Grieff,* a visitor to a volunteer fire company was burned when paint thinner the fire chief was using accidentally ignited. "The *[Grieff]* court noted that section 8542(b)(3) expressly states that liability may arise from negligence in the 'care, custody or control of real property . . .'." *Martin v. City of Philadelphia,* 696 A.2d 909, 912 (Pa. Commw. 1997).

(6) Thus, in view of the Pennsylvania Supreme Court's expansion of the real property exception to governmental immunity to include negligence committed by those in the care, custody and control of governmental real property the defendant's right to summary judgment is not clear and free from doubt and thus, the defendant is not entitled to judgment as matter of law and its motion for summary judgment is denied.

(7) This court holds that the plaintiff must be afforded the opportunity to prove her allegation that the defendant was negligent in its operation of the chair lift, a realty fixture involving the care, custody and control of

real property in its possession. *Davis v. Brennan,* 698 A.2d 1382, 1385 (Pa. Commw. 1997). Specifically, by forcing the plaintiff to ride the lift with two other skiers when she requested riding with only one other skier because of her skill level, was the defendant negligent? If so, the fact-finder shall then determine whether the facts provided constitute a dangerous condition arising from the care, custody and control of the defendant's real property.

(8) Thus, for these reasons and all those stated above the defendant's motion for summary judgment is denied.

(9) The parties are to proceed in a manner consistent with this order.

## ORDER

And now, to wit, June 30, 1999, after careful review, the defendant's motion for summary judgment is denied. The parties are to proceed in a manner consistent with this order.