**Crystal JONES, Appellant,**

v.

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY.**

Commonwealth Court of Pennsylvania.

Argued May 20, 1999.

Decided Feb. 15, 2000.

Reargument and Request for Hearing Denied April 24, 2000.

John F. McCabe, Philadelphia, for appellant.

Joan A. Zubras, Philadelphia, for appellee.

Before DOYLE, President Judge, SMITH, J., and NARICK, Senior Judge.

SMITH, Judge.

Crystal Jones appeals from the order of the Court of Common Pleas of Philadelphia County that granted summary judgment to the Southeastern Pennsylvania Transportation Authority (SEPTA) and dismissed her civil action for damages.[1] Jones questions whether her claims meet the exception to sovereign immunity for dangerous conditions of Commonwealth real estate as provided in Section 8522(b)(4) of the Judicial Code, 42 Pa.C.S. § 8522(b)(4).

Jones filed a complaint against SEPTA on May 27, 1997 alleging that she suffered serious and permanent injuries on December 23, 1996 when she slipped and fell on

---

**1.** This case was reassigned to this opinion writer on October 22, 1999.

rock salt on the train platform in SEPTA's Fern Rock Station in the City of Philadelphia. SEPTA filed a timely answer with new matter asserting immunity either under Sections 8541–8564 of the Judicial Code, 42 Pa.C.S. §§ 8541–8564, relating to governmental or local agency immunity, or under Sections 8521–8528, 42 Pa.C.S. §§ 8521–8528, relating to sovereign immunity. In her deposition Jones testified that she slid on the rock salt that was on the platform floor and fell; she did not see any holes or defects in the floor, and her testimony was that she slid and fell because of the rock salt.

SEPTA filed a motion for summary judgment on March 19, 1998. SEPTA noted that the Supreme Court has held that it is a Commonwealth agency to which the sovereign immunity provisions of the Judicial Code apply, citing *Feingold v. Southeastern Pennsylvania Transportation Authority*, 512 Pa. 567, 517 A.2d 1270 (1986). It asserted that the only exception to sovereign immunity under which Jones' claim would arguably fall is that in Section 8522(b)(4), 42 Pa.C.S. § 8522(b)(4), which authorizes liability for damages caused by "[a] dangerous condition of Commonwealth agency real estate and sidewalks...." Because Jones' complaint alleged only injury due to rock salt "on" the platform rather than some defect "of" the platform itself, SEPTA argued that she had failed to state a cause of action falling within Section 8522(b)(4) or any other immunity exception. The trial court agreed with SEPTA's position and granted summary judgment in its favor and dismissed Jones' complaint with prejudice by order of April 29, 1998.

■ Summary judgment is properly granted where "there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report." Pa. R.C.P. No. 1035.2(1). After the close of discovery relevant to the motion, summary judgment is also appropriate if "an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa. R.C.P. No. 1035.2(2). An entry of summary judgment may be granted only in cases where the right is clear and free from doubt. *Davis v. Brennan*, 698 A.2d 1382 (Pa.Cmwlth.1997). The moving party has the burden of proving the non-existence of any genuine issue of material fact. *Id.* Parties seeking to avoid the imposition of summary judgment must show by specific facts in their depositions, answers to interrogatories, admissions or affidavits that there is a genuine issue for trial. *Sovich v. Shaughnessy*, 705 A.2d 942 (Pa.Cmwlth.1998).[2]

Jones begins by indirectly acknowledging that former case law did recognize the distinction between dangerous conditions "on" real property, for which Commonwealth parties were immune, and dangerous conditions "of" the real property, for which they could be liable. Jones contends, however, that the Supreme Court's decisions in *Grieff v. Reisinger*, 548 Pa. 13, 693 A.2d 195 (1997), and *Kilgore v. City of Philadelphia*, 553 Pa. 22, 717 A.2d 514 (1998), have rendered the "on"/"of" distinction an outdated and abrogated legal standard that has been overruled sub silentio. Jones asserts that City employees were negligent by placing the rock salt on the platform when it snowed several days before her injury and then failing to remove it in a timely manner.

In *Grieff* a visitor to a volunteer fire company was burned when paint thinner that was being used to clean the floor ran under a refrigerator and ignited. The Supreme Court held that the injured visitor stated a cause of action under Section 8542(b)(3), relating to local agency real

**2.** The Court's review of a trial court's grant of summary judgment is limited to determining whether the trial court committed an error of law or an abuse of discretion. *Beitler v. City of Philadelphia*, 738 A.2d 37 (Pa.Cmwlth. 1999).

property exception to immunity. It distinguished *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987), and *Snyder v. Harmon*, 522 Pa. 424, 562 A.2d 307 (1989), by stating that *Mascaro* and its progeny were intended to apply where third parties caused the harm. In *Kilgore* a vehicle on City-owned property went out of control because of accumulated ice and snow and struck the plaintiff. The Supreme Court held that the plaintiff's cause of action met the threshold conditions of stating a claim for which recovery could be had against one not enjoying an immunity defense and alleging negligence of local agency employees. Further, the court concluded that the complaint properly alleged conduct relating to the "care, custody or control of real property" under Section 8542(b)(3).

Jones acknowledges that *Grieff* and *Kilgore* were decided under the exception to immunity for local agency real property. She asserts, however, that the Supreme Court has stated repeatedly that the sovereign and governmental immunity exceptions are identical, and their interpretation should be identical as well, citing *Finn v. City of Philadelphia*, 541 Pa. 596, 664 A.2d 1342 (1995). In response SEPTA emphasizes that *Grieff* and *Kilgore* were decided under the real property exception to governmental immunity in Section 8542(b)(3), for negligence relating to the "care, custody or control" of real property, rather than the real property exception to sovereign immunity in Section 8522(b)(4), which requires proof of a "dangerous condition of Commonwealth agency real estate and sidewalks...."

This Court has addressed the question of the proper interpretation of the sovereign immunity and governmental immunity real property exceptions in several decisions since *Grieff*. In *Abella v. City of Philadelphia*, 703 A.2d 547 (Pa.Cmwlth. 1997), *appeal denied*, 555 Pa. 746, 725 A.2d 1222 (1998), the plaintiff allegedly slipped and fell on hills and ridges of ice and snow outside the State Office Building in Philadelphia. After the City of Philadelphia was dismissed from the case, the only remaining question was whether the real property exception to sovereign immunity in Section 8522(b)(4) applied. The Court stated that, although the "of"/"on" distinction had been abolished in regard to the governmental immunity real property exception, there had been no ruling from the Supreme Court that it had been displaced in regard to the sovereign immunity exception.[3]

More recently, in *Murphy v. Commonwealth, Department of Transportation*, 733 A.2d 688 (Pa.Cmwlth.1999), the issue on the merits of the appeal was whether the plaintiff's allegations that she was injured in an automobile crash when she swerved to avoid a discarded muffler in a state roadway stated a claim that was cognizable under Section 8522(b)(4), which, in addition to real estate and sidewalks, also applies to "[a] dangerous condition of ... highways under the jurisdiction of a Commonwealth agency...." The Court concluded that the "of"/"on" distinction continued to apply to claims under Section 8522(b)(4) and affirmed the order of the trial court sustaining preliminary objections filed by the Department of Transportation on that basis. *See also Tallada v. East Stroudsburg University of Pennsylvania*, 724 A.2d 427 (Pa. Cmwlth.1999) (holding that a state university was immune from liability under Section 8522(b)(4) where the plaintiff alleged that she fell while working in a dining

---

**3.** In *Snyder v. North Allegheny School Dist.*, 722 A.2d 239 (Pa.Cmwlth.1998), a plaintiff slipped and fell on ice on a concrete landing at the top of a set of stairs adjacent to a high school driveway after she left a function at the school. The Court's initial inquiry was whether the accident happened on a "sidewalk," in which case the Section 8542(b)(7) "dangerous condition of sidewalks" requirement would apply, or on other real property of the school district. Concluding that the site of the accident was not part of a sidewalk, the Court held that the broader liability for negligence in the care, custody or control of real property applied.

facility because contents of a kettle leaked onto the floor).

■ The stated rationale of *Grieff* turned on the language of the real property exception to governmental immunity that is different from that of the real property exception to sovereign immunity, and this Court consistently has held that the "of"/"on" distinction continues to apply to the latter. In the present case, Jones did not plead or testify in her deposition that there was any defect "of" the floor where she fell; to the contrary, she alleged that her fall was caused by rock salt "on" the platform. Therefore, the trial court correctly granted summary judgment to SEPTA pursuant to Section 8522(b)(4) of the Judicial Code.

### *O R D E R*

AND NOW, this 15th day of February, 2000, the order of the Court of Common Pleas of Philadelphia County is affirmed.

Dissenting opinion by President Judge DOYLE.

DOYLE, President Judge, dissenting.

I respectfully dissent to the majority's holding that the "of/on" analysis, established by our Supreme Court in *Finn v. City of Philadelphia*, 541 Pa. 596, 664 A.2d 1342 (1995), continues to apply to the real property exception to Sovereign Immunity, 42 Pa.C.S. § 8522(b)(4).

In *Finn*, the plaintiff sustained injuries when she fell on an accumulation of grease on a Philadelphia sidewalk. As part of its discussion of the sidewalk exception, 42 Pa.C.S. § 8542(b)(7), the Supreme Court concluded that, in order for a claim to fit within either the sidewalk exception or the real property exception to governmental immunity, 42 Pa.C.S. § 8542(b)(3), a plaintiff must establish that he or she was injured by a defect *of* the real property itself, rather than a defect *on* the realty. The Supreme Court reasoned:

The common theme of all these cases is that liability depends, first, on the legal determination that an injury was caused by a condition of government realty itself, deriving, originating from, or having the realty as its source, and, only then, the factual determination that the condition was dangerous.

What is necessary, therefore, to pierce the Commonwealth agency's immunity is proof of a defect of the [real property] itself. Such proof might include an improperly designed sidewalk, an improperly constructed sidewalk, or a badly maintained, deteriorating, crumbling sidewalk.

*Finn*, 541 Pa. at 605, 664 A.2d at 1346. *See also Kiley by Kiley v. City of Philadelphia*, 537 Pa. 502, 645 A.2d 184 (1994).

While *Finn* was decided under governmental immunity law, **the same analysis had been employed by the Supreme Court in sovereign immunity cases**. *Snyder v. Harmon*, 522 Pa. 424, 562 A.2d 307 (1989).

However, since *Finn* was decided, the Supreme Court has rejected the on/of analysis in two cases, *Grieff v. Reisinger*, 548 Pa. 13, 693 A.2d 195 (1997), and *Kilgore v. City of Philadelphia*, 553 Pa. 22, 717 A.2d 514 (1998), both of which involved the real estate exception to governmental immunity. In my view, *Kilgore* controls the outcome of the instant case.

In *Kilgore*, the plaintiff was injured at the Philadelphia Airport when he was struck by a motorized "tug," which went out of control as a result of an accumulation of ice and snow on the Airport's property. The Supreme Court, *without discussing or even recognizing the on/of analysis articulated in Finn*, determined that the claim fell within the real property exception to government immunity:

[T]he Kilgores claim damages for injuries caused by the negligence of the City in the manner in which it maintained its property. They claim that the City breached its obligation to remove snow

and ice from the roadway area. Under the facts as alleged, the Kilgores meet the two threshold conditions to bring an action under the Act since, under common law, they could recover if Mr. Kilgore had fallen on private property, and it is alleged that the City's active negligence was a direct cause of this accident.... Additionally, it is alleged that the City's failure to remove ice and snow following an earlier storm was related to the 'care, custody and control of real property in possession of the local agency' ... and was a direct cause of the accident....

*Kilgore,* 553 Pa. at 28, 717 A.2d at 517 (citations omitted).

In a dissenting opinion, Justice Castille argued that *Finn* barred the plaintiff's claim, and he *emphatically* asserted that, by failing to acknowledge its prior decision in *Finn,* the Supreme Court has *"sub silentio* overruled it, and in so doing, has abandoned the principle of *stare decisis." Kilgore,* 553 Pa. at 30, 717 A.2d at 518 (Castille, Justice, dissenting).

In the present case, I believe that this Court is obligated to follow the latest pronouncement of our Supreme Court indicating the state of the law in the area of immunity. Although *Kilgore* involved a governmental immunity issue and the present case involves the real estate exception to sovereign immunity, I nonetheless conclude that *Kilgore* is both applicable and controlling, especially in light of the well-established principle that governmental and sovereign immunity statutes are to be read consistently, provided that such a reading does not ignore the plain language chosen by the General Assembly. Accordingly, based on *Kilgore,* I would conclude that this Court is constrained to reverse the Common Pleas Court's order and remand this case for trial.[1]

---

1. I recognize that this Court recently applied *Finn* in *Osborne v. Cambridge Township,* 736 A.2d 715 (Pa.Cmwlth.1999), which essentially holds that the on/of distinction continues to apply to exceptions to **governmental** immunity that contain the specific language providing that immunity is waived for a "dangerous condition of" the subject improvement. Since the real property exception to **sovereign** immunity contains this core language "dangerous condition of", under *Osborne,* the on/of distinction would apply to this exception also. The *Osborne* Court noted that the real property exception to governmental immunity does not contain the core language, but rather states that immunity is waived for injuries caused by the "care, custody, or control" of real property and therefore explains away the Supreme Court's decision to abandon the on/of distinction in *Grieff* and *Kilgore.* I disagree with this analysis and believe that *Os-*

*borne* has carved out an exception to the symmetry of the overall statutory scheme and has created a dichotomy between sovereign immunity and governmental immunity which was never intended by the Legislature nor by the Supreme Court in *Grieff* and *Kilgore.*

For the reasons stated in the body of this dissenting opinion, I believe that *Osborne* fails to properly consider the change in the law created by the Supreme Court in *Grieff* and *Kilgore.* Unless the Supreme Court reverses other established case law, *Osborne* violates the well-established rule that the exceptions to sovereign immunity and governmental immunity are to be interpreted consistently, again pointing out that the Supreme Court has specifically concluded that the real property exception to government immunity is to be construed in a manner that is consistent with the other exceptions to immunity. *Kiley.*