# Muir v. PennDOT

C.P. of Huntingdon County, no. 97-107.

*Joseph Grappone,* for plaintiff.
*Gerhard Schwaibold,* for defendant.

KURTZ, *J.,* May 15, 2001—This case came on for argument May 3, 2001, on motion for summary judgment made[1] by the defendant.

The factual background will be cast in a light most complimentary to the plaintiffs' position.

Plaintiffs reside in Porter Township, Huntingdon County, Pennsylvania. Their residence is located near the intersection of SR 3039 and SR 0022.

In 1996, defendant PennDOT widened SR 0022 west of plaintiffs' home and, as a part of this project, did extensive work at the intersection of SR 3039 and SR 0022 to improve drainage and safety. Prior to this work, plaintiffs had never experienced flooding on their property. After the work, on July 19, 1996, and again on August 4, 1996, flooding occurred on plaintiffs' real estate causing damage to the structure of the plaintiffs' house and garage, landscaping and their personal property.

Plaintiffs theorize in their complaint that reconstruction of the intersection was based upon a defective design that culminated in the creation of a dangerous condition that caused the flooding. They posit in that pleading that:

"(8) The reconstruction aforesaid was dangerous and defective in that:

---

1. Rule 1035.2, Pa.R.C.P.

"(a) the impervious area of the roadway was increased without any proper adjustment for detention of the increased storm water runoff created thereby.

"(b) the drainage system for the roadway that does exist is of improper design and concentrates all runoff onto the plaintiffs' property.

"(c) down stream drainage structures are negatively impacted by the reconstruction and were not taken into account by the defendant in its design.

"(d) storm water runoff has been increased and not detained in violation of the Commonwealth's rules and regulations governing such matters resulting in flooding, a dangerous condition." (Plaintiffs' complaint, ¶8.)

Plaintiffs' discovery probata however was not in accord with their complaint allegata. Their expert—Keller Engineers—issued a report in 1997 in which the opinion was expressed that "the problem experienced by Mr. Muir is associated with maintenance of upslope drainage facilities rather than inadequate design." (Drainage investigation report, attached to defendant's brief as exhibit A.) A clogged inlet was determined to be the reason for the flooding on plaintiffs' property, and this fact and opinion, argues PennDOT, forecloses liability on its part.

## ANALYSIS

### I. *The Summary Judgment Standard*

A court may grant summary judgment "when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits demonstrate that there exists no

genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035.2, 42 Pa.C.S. In determining whether to grant summary judgment a trial court must resolve all doubts against the moving party and examine the record in a light most favorable to the non-moving party. *Id.* Summary judgment may only be granted in cases where it is clear and free from doubt the moving party is entitled to judgment as a matter of law. *Id.*" *Ney v. Axelrod M.D.,* 723 A.2d 719, 721 (Pa. Super. 1999).

## II. *Discussion*

In this case, PennDOT as noted, is convinced that since plaintiffs' expert has opined that lax maintenance as opposed to faulty design was the cause of plaintiffs' problem, there can be no recovery since sovereign immunity[2] defeats the claim.

Defendant perceives and argues an exception to immunity, specifically 42 Pa.C.S. §8522(b)(4), which provides:

*"Section 8522. Exceptions to sovereign immunity*

*"(b) Acts which may impose liability*—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

*"(4) Commonwealth real estate, highways and sidewalks*—A dangerous condition of Commonwealth agency real estate and sidewalks, including Common-

---

2. 42 Pa.C.S. §8521.

wealth-owned real property, leaseholds in the possession of a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private persons, and highways under the jurisdiction of a Commonwealth agency, except conditions described in paragraph (5)."

We first note that exceptions to governmental immunity must be strictly construed. *Finn v. City of Philadelphia,* 541 Pa. 596, 601, 664 A.2d 1342, 1344 (1995). Next, we quote from *Finn* the standard for proper invocation of the exception relied upon in this case pointing out that Mary Finn sought to recover for injuries sustained when she fell on a city sidewalk due to an accumulation of grease on the pavement. Chief Justice Flaherty reviewed precedent, and opined:

"The common theme of all these cases is that liability depends, first, on the legal determination that an injury was caused by a condition of government realty itself, deriving, originating from, or having the realty as its source, and, only then, the factual determination that the condition was dangerous.

"What is necessary, therefore, to pierce the Commonwealth agency's immunity is proof of a defect of the sidewalk itself. Such proof might include an improperly designed sidewalk, an improperly constructed sidewalk, or a badly maintained, deteriorating, crumbling sidewalk. Here, however, we have no such allegation or proof. We have a perfectly designed and constructed sidewalk, undamaged, upon which an unidentified individual or individuals deposited a foreign substance which caused appellant's injury." *Finn,* at 605, 664 A.2d at 1346.

Mrs. Finn was denied recovery.

In this case, the dangerous condition complained of and attested to by plaintiffs' expert was "on" the Commonwealth real estate but clearly was not "of" the real estate. The defect that allegedly created the dangerous condition that ultimately resulted in injury to plaintiffs is not therefore of the kind which Pennsylvania law recognizes as an exception to sovereign immunity.

In reaching this judgment, we have considered the 1997 decision of the Supreme Court in *Grieff v. Reisinger,* 548 Pa. 13, 693 A.2d 195 (1997), where a seemingly different result was reached. However, that case was decided under the Political Subdivision Tort Claims Act where the real property exception to governmental immunity provides for liability for the "care, custody or control of real property in the possession of the local agency, . . . ." 42 Pa.C.S. §8542(b)(3). That language is simply not a part of the exception at issue in this case.

Accordingly, we will reluctantly grant the motion and dismiss this action.

## ORDER

And now, May 15, 2001, for the reasons set forth in a memorandum filed this date, the motion of defendant for summary judgment is granted and this action is dismissed.