CONCURRING OPINION BY
SENIOR JUDGE PELLEGRINI
The issue in this case is whether a person using a county computer to conduct title searches whose foot becomes entangled in computer cables and wires under the computer cubicle when she stood up causing her to fall and injure herself can maintain an action under the real property exception to governmental immunity. That provision provides that a local agency, like the county, can be held liable for its actions or that of its employees involving negligence related to the “care, custody or control of real property in the possession of the local agency.” 42 Pa.C.S. § 8542(b)(3). While I agree with the majority that the negligence here does not fall within the real property exception, I disagree that the local agency is immune merely because the injury is caused by local agency personal property.
There is no dispute that the local agency personal property exception does not apply because that exception is limited to the loss or damage of the personal property of others that is within the control of the local agency. 42 Pa.C.S. § 8542(b)(2).[1] The question here is whether it falls within the local agency real property exception.
The local agency exception for real property language of “care, custody or control” is different from the language in the sovereign immunity exception that waives immunity for “dangerous conditions of real property.” Notwithstanding the difference in language, under both exceptions, the test originally employed to determine whether an action was maintainable was dependent on “a legal determination that an injury was caused by a condition of government realty itself, deriving, originating from, or having the realty as its source, and, only then, the factual determination that the condition was dangerous.” Finn v. City of Philadelphia, 541 Pa. 596, 664 A.2d 1342, 1346 (1995). This is known as the “on-off’ standard, i.e., the physical defect “of’ the property itself must have caused the damages to fall within the exception. Mascaro v. Youth Study Center, 514 Pa. 351, 523 A.2d 1118 (1987).
*886 That changed with our Supreme Court’s decision in Grieff v. Reisinger, 548 Pa. 13, 693 A.2d 195 (1997). In that case, a fire chief poured paint thinner to remove paint from the floor when the paint thinner spread across the floor and caught fire under a refrigerator, causing severe injuries to a bystander. Recognizing the difference in language between the Tort Immunity and Sovereign Immunity Acts, our Supreme Court abandoned the on-off distinction for the real property exception for local agencies only and found that the paint removal was an activity that fell within the local agency real property exception because it involved the caring of the real property. The implication of this opinion is that the “care, custody or control” language requires the local agency to keep its property safe for its intended purpose from all sorts of negligent conditions, not just those that originate of the property. See also Snyder v. North Allegheny School District, 722 A.2d 239 (Pa. Cmwlth. 1998).
Other cases cited by the majority do not involve a different test than set forth in Grieff, but instead focus on whether the injury involved the care, custody and control of real property or personal property. In Blocker v. City of Philadelphia, 563 Pa. 559, 763 A.2d 373 (2000), a concert attendee was injured when bleachers she was sitting on collapsed. The court held that because they were not affixed to the realty, the bleachers were personal property and not real property so the real property exception did not apply. Notably, if they were affixed like those in a stadium, the local agency would be hable. In Repko v. Chichester School District, 904 A.2d 1036 (Pa. Cmwlth. 2006), a student who was playing basketball during gym class went to retrieve a basketball when a table leaning on its side against the bleachers fell over causing the student to sustain a deep cut. Because the injury was caused by the way the table was placed against the bleachers and did not involve the care, custody or control of the real property, we held that exception did not apply.
The question in this case is when the plaintiff stood up to walk away from the computer and fell on the wires on the floor under the computer terminal involved, did that involve negligence involving personal property — the computer — or negligence involving the care, custody and control of real property — the floor. Because the plaintiffs injuries directly flowed from her use and the county’s care of the computer, i.e., personal property, I also hold that the real property exception does not apply because any purported local agency negligence involved the care, custody and control of personal property and not real property. However, if those computer wires were negligently placed across a walkway making the real property unsafe for its intended purpose and a pedestrian was injured, I would hold that would involve the local agency’s care, custody and control of real property.
For the foregoing reasons, I concur.

. The personal property exception under the Sovereign Immunity Act for a commonwealth party is much broader. While commonwealth parties are also liable for property they hold for others, with the exception of nuclear or radioactive devices, immunity has also been waived for negligence arising for injuries that result out of the negligent care, custody or control of personal property. 42 Pa. C.S. § 8522(b)(3).